In the Matter of the Application of the HUNTINGTON COACH CORPORATION OF HUNTINGTON, SUFFOLK COUNTY, NEW YORK, Appellant, for an Order Compelling the UNION FREE SCHOOL DISTRICT No. 13 OF THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, NEW YORK, Respondent, to Submit to the Superintendent of Schools for His Approval a Contract for Transportation of School Children in the Said Town of Huntington and to Compel Said School District to Execute Said Contract with Petitioner Instead of with the SOUTH HUNTINGTON BUS COMPANY, INC.

Second Department, January 30, 1939.

*Frederick W. Bickmann, Jr.,* for the appellant.

*Fred J. Munder* [*Otho S. Bowling* with him on the brief], for the respondent.

CARSWELL, J. On May 12, 1938, the board of education of a school district of the town of Huntington requested bids for transportation of school children for the year 1938–1939 in connection with its proposed budget for the ensuing year. The petitioner bid $6,375 and the South Huntington Bus Company, Inc., bid $7,000. The board, on June 22, 1938, assumed to act thereon and by its clerk sent a communication which petitioner construed as an acceptance of its bid. On July 12, 1938, pursuant to section 323 of the Education Law, a meeting of the school district was held at which the proposed budget containing an item for bus transportation of $6,375 was submitted to the voters. They struck out that item and substituted $7,000, the amount bid by the South Huntington Bus Company, Inc. The professed reason was that the latter bidder had rendered more satisfactory service in the past than the petitioner, and, therefore, the voters preferred it. The voters also, at this meeting, assumed to direct the board to enter into a contract with the $7,000 bidder. The board prepared a contract with the South Huntington Bus Company, Inc., and submitted it to the district superintendent. He refused to approve it. The board never submitted to the district superintendent a proposed contract based on the petitioner's bid.

Petitioner unsuccessfully sought a mandamus order to compel the board to submit to the district superintendent a contract in its favor and in accord with its bid. It asserts that it is not confined in its remedy to an appeal to the Commissioner of Education and that the dispute is not a pedagogic one, and does not concern a matter of administrative policy relating thereto, but is of such a character that the Supreme Court has jurisdiction thereof.

It is not necessary to pass on these questions.

The board had no power, on June 22, 1938, to make an irrevocable and legal commitment, accept a proposed contract or make a contract for school bus transportation in advance of an authorization and appropriation being made therefor. Section 206, subdivision 18, of the Education Law authorizes the district to make such a contract and section 300 authorizes the board to act on behalf of the school district. The effect of section 314 is that a board may not incur a district liability unless the board is authorized to incur a liability of this character and the amount thereof has been appropriated at a district meeting. When the board, pursuant to section 323, prepared its proposed budget for the ensuing year and pursuant to section 324 submitted it to the voters of the dis-

trict on July 12, 1938, that was the first occasion the board received any authority to make such a contract for the ensuing year. It was also the first occasion when an appropriation therefor was made on a vote pursuant to section 324. That which the board did prior to that date had no legal efficacy to the advantage of the petitioner. There is no statutory requirement that such a contract be awarded upon a public letting or that the award be to the lowest bidder. Section 875, subdivision 8, has no application herein. The board did not make any commitment in favor of the petitioner after July 12, 1938, when the making of a contract was authorized and the budget approved. Whether or not the lowest bidder should receive the contract rested in the discretion of the board, and an exercise of that discretion may not be controlled by mandamus. The direction of the voters adopted at the July 12, 1938, meeting that the board make a contract with the other bidder for the sum inserted in the budget was of no legal effect. To whom the contract should be awarded is for the board to decide. In exercising its discretion, however, although not obligated to do so, the board is free to give heed to the wishes of the voters in the school district.

The action of the board on June 22, 1938, construed most favorably to the petitioner, and upon which it relies, had no legal significance or binding force.

A mandamus order may not issue unless petitioner makes manifest a clear legal right. It has not done so.

The order denying application should be affirmed, with twenty dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, JOHNSTON and CLOSE, JJ., concur.

Order denying application affirmed, with twenty dollars costs and disbursements.