Bernard S. Meyer, J.
In this article 78 proceeding, petitioner, a qualified voter and taxpayer in Union Free School District No. 21, Town of Oyster Bay, claiming that the trustees are violating the duty specifically enjoined upon them by section 1718 of the Education Law, seeks to review their action in over-expending the amount provided in the budget for “ legal services.” As adopted, the budget figure for .such services was $1,100. Legal .services are included in the budget under the heading 1 ‘ G-eneral Control— Code 2.5 ’ Code 2 of the budget was adopted by the voters on June 16, 1959 without discussion and without a separate vote as permitted under subdivision 2 of .section 2022 of the Education Law. On July 7, 1959 the board entered into a retainer agreement with its present attorneys for the sum of $4,000, and on December 29, 1959 approved payment of a bill in the sum of $2,135 .submitted by the attor *338 neys pursuant to the retainer agreement. Petitioner was present at both the July 7,1959 and December 29, 1959 meetings. While his petition does not allege a specific demand upon the board that the $2,135 bill not be paid, petitioner is a layman representing himself. The missing allegation will be assumed, however, since the statement in the affidavit of Edward Lavin, submitted with the return, that the ‘ ‘ attorneys have declined payment pending the disposition of this proceeding” indicates that such a demand was made known to the board.
The petition alleges on information and belief that there are not enough funds in either Code 2 or in the subitem ‘1 legal services ” to cover the $1,135 excess which the board authorized to be paid. The return and affidavits submitted by the board show, however, that transfers were made from Code 3 to the “ legal services ” item, and that on the basis of such transfers both Code 2 and the ‘ ‘ legal services ’ ’ item have sufficient unexpended funds to meet the required payment, and since these are matters of public record it must be held that petitioner’s allegation on information and belief is insufficient to raise an issue requiring trial on this question.
The question for determination is thus narrowed to whether the board of a Union Free School District is limited in the expenditure of funds to the amount shown in a particular line item of the budget adopted by the voters. Petitioner relies upon the absence from the Education Law of any provision authorizing transfer between items and the limitation imposed by section 1718 of that law. The latter section provides: “ No board of education shall incur a district liability in excess of the amount appropriated by a district meeting unless such board is specially authorized by law to incur such liability.” Nothing in the language of the section makes clear whether the words ‘1 the amount appropriated ’ ’ refer to the total appropriation or the line item amount. Clarification is, however, supplied by the Regulations of the Commissioner of Education, approved by the Board of Regents September 18, 1942. Subdivision 2 of section 205 of those regulations (N. Y. Off. Comp, of Codes, Rules & Regulations, vol. 1, p. 722) provides that: “ The board of education of every union free school district shall have power and it shall be its duty: * * * (g) To keep the incurred obligations in each school year within the amounts of the total appropriations voted or authorized for that year for current expenses, debt service and capital outlay.” (Emphasis supplied.) That regulation, adopted pursuant to section 207 of the Education Law, is not inconsistent with section 1718, and has the force and effect of law. From that regulation it follows that
*339 transfers may be made between budget items within the current expense category, but not between the three categories specified. The Comptroller has specifically so ruled as long ago as October 19, 1945 in an opinion (1 Op. St. Comp., 1945, p. 473) concluding: “ Transfers in the school budget may be made among the six items under Current Expenses. No transfers may be made to or from Debt Service or Capital Outlay” and the Department of Education in its “ School Business Management Handbook No. 3,” which the court may judicially notice as the practical construction of the statute given it by the administrative officer charged with its enforcement (Matter of Armitage v. Board of Educ., 122 Misc. 586, affd. 210 App. Div. 812, affd. 240 N. Y. 548; Richardson, Law of Evidence [8th ed.], p. 18) in a section headed “ Transfer within the Budget as Long as the Total Appropriation is not Exceeded” states (p. 23): ‘1 Funds may be transferred without a special meeting or district vote among the six items of current expense, with the exceptions that funds may not be transferred into the items of transportation, cafeteria, or textbooks without authorization from a special meeting.” In the light of the quoted regulation and the practical construction referred to, section 1718 cannot be construed as limiting the board’s expenditure for legal services to the line item amount set forth in the budget.
Petitioner argues that an inference must be drawn from section 2022 of the Education Law which permits a majority of voters in certain school districts to require that voting be ‘ ‘ for a specific item separately ’ ’ and to increase or reduce any estimated expenditure except teachers’ salaries and ordinary contingent expenses. That provision was added to the section by chapter 801 of the Laws of 1953, however, long after the adoption of the regulation and formulation of the practical construction referred to. Whether legal services are an ordinary contingent expense on which the voters may not pass, it is not now necessary to decide (see Education Law, § 2024). Whatever the effect of section 2022 may be in a case where the voters have passed upon the specific line item in question, it cannot be considered to have inferentially reversed the regulation and construction where, as in this case, there has been no such vote.
Petitioner relies also upon the Comptroller’s decision of December 27, 1951 (7 Op. St. Comp., 1951, p. 453) holding that section 1721 (now § 1718) prohibited a transfer for the purchase of library books from debt service to capital outlay without a special vote, but that decision is entirely consistent *340 with both, the regulation and the 1945 Comptroller’s decision referred to above. Consistent also is the opinion of the State Comptroller (Vol. 12, p. 468 [1956]), which held that transfers cannot be made to transportation from other current expense items. And while decisions of the Commissioner of Education in Matter of Removal of Members of Bd. (34 N. Y. St. Dept. Rep. 550 [1926]) and Matter of McCarthy (53 N. Y. St. Dept. Rep. 219 [1936]) and the dictum of the Appellate Division in Matter of Huntington Coach Corp. v. School Dist. (256 App. Div. 184 [1939]) may be considered inconsistent with the construction here adopted, all were decided without consideration of the regulation quoted above, which was approved in 1942. Nor is the holding of Leone v. Hunter (21 Misc 2d 750) that a school budget may not include a planned surplus, to the contrary, since the court held such a planned balance to be in violation of specific language of section 1716 of the Education Law.
The board had the power to employ counsel (Matter of Fleischmann v. Graves, 235 N. Y. 84). Its expenditure for that purpose was not limited by any specific action of the voters to the appropriation made by the line item “ legal services,” nor is the payment of an amount in excess of that line-item amount prohibited by statute. Despondent’s fourth defense must, therefore, be sustained and the petition dismissed as insufficient. It thus becomes unnecessary to consider the various pleading questions and the other separate defenses raised by respondent. Settle order on notice.