Murray T. Feiden, J.
This is an article 78 proceeding by petitioner which seeks to rescind and annul the respondent’s resolution of May 29, 1963, denying petitioner’s appeal from a rating of “ unsatisfactory ” in the inspection test in an examination for the position of Director of Health Education and to grant petitioner’s appeal from said rating and permit him to continue with the remaining test in the said examination, or, in the alternative, to grant the petitioner a continued inspection test. The petitioner contends that two of the temporary assistant examiners who served on the examining panel were not approved or certified by the New York City Civil Service Commission, as required by law, and that the rating and refusal to grant the appeal were illegal, arbitrary and capricious.
It clearly appears from all the papers before this court and it is undisputed that at the time the petitioner’s examination began in March of 1961 and that at the time the inspection test was held June 18, 1962 and up to and until January 2, 1963, sections 19.1 and 19.2 of the by-laws promulgated and adopted by the respondent, read as follows:
‘1 ASSISTANT EXAMINERS ’ ’
“ Section 19.1. In accordance with Section 2569 of the Education Law, temporary assistants may be employed by the Board of Examiners to perform designated service in connection with the conduct of examinations. Such persons shall be known as assistant examiners.
*968 “2. No person shall he employed as assistant examiner unless he has been approved as such by the Board of Examiners and by the Municipal 'Civil .Service Commission of The City of New York. The Board of Examiners shall maintain a list of approved assistant examiners.”
The above by-laws are consistent with the requirements of subdivision 3 of section 64 of the Civil Service Law which reads as follows :
“§ 64. Temporary appointments.
‘ 3. Temporary appointments without examination in exceptional cases. Notwithstanding the provisions of subdivisions one and two of this section, the civil service department or municipal commission having jurisdiction may authorize a temporary appointment, without examination, when the person appointed will render professional, scientific, technical or other expert services (1) on an occasional basis or (2) on a full-time or regular part-time basis in a temporary position established to conduct a special study or project for a period not exceeding eighteen months. Such appointment may be authorized only in a case where, because of the nature of the services to be rendered and the temporary or occasional character of such services, it would not be practicable to hold an examination of any kind. ’ ’
It is admitted in respondent’s answer that the names of two out of the three members of the examining panel had not been submitted to the Civil Service Commission for its approval. However, it is alleged and contended by the respondent that after July 1, 1961 the necessity for submitting the names of these examiners for approval to the Civil Service Commission was discontinued. Coneededly, the by-laws in question had never been repealed, withdrawn or amended as of the date of the examination or inspection test. The by-laws were not changed until January 2, 1963 after petitioner’s inspection test was conducted.
The present posture of the respondent is that it had promulgated the by-laws in question under the mistaken impression that it was required to do so because of subdivision 2 of section 2569 of the 'State Education Law and that letters exchanged between Isidore Bogen, Chairman of the Board of Examiners, and Dr. Theodore H. Lang, Chairman of the City Civil Service Commission respectively, dated May 18, 1961 and June 8, 1961, confirmed the fact that assistant examiner applications ‘ ‘ no longer require approval by the City Civil Service Commission
*969 This court does not feel it necessary to discuss the issue of whether or not the board was obligated to pass the by-laws in question for that begs the issue. The indisputable fact is that the board had the legal right to pass by-laws (Education Law, § 2554, subds. 2, 13) and that it could by its own by-laws limit its powers if, in its discretion, it seemed wise to do so. Such by-laws, if not in conflict with legislative enactment, have the force and effect of law, binding upon the 'board as well as on those who seek advancement in the educational system. (2 Dillon, Municipal Corporations, § 574; Matter of Rodman v. Lofaso, 23 Misc 2d 337, 338, app. dsmd. 13 A D 2d 974; People ex rel. Goldschmidt v. Board of Educ., 217 N. Y. 470; Matter of Nelson, N. Y. L. J., March 23,1965, p. 16, col. 6, which involved the very same by-laws as in the instant case and where respondent’s identical arguments were rejected.) The term “ by-law ” when used in connection with governmental agencies is practically synonymous with the term “ local law ”. (Monroe Dairy Assn. v. Webb, 40 App. Div. 49, 51; Kij v. Aszkler, 163 Misc. 63, 64.)
Certainly, the .self-serving declarations contained in the letters hereinbefore referred to between Isidore Bogcn and Theodore H. Lang do not amount to a repeal of the by-laws. (It might be noted in passing that in the Nelson case, supra, the court, at pp. 47-49 of its unpublished memorandum rejects the conclusions reached in aforesaid letters, stating that such conclusions were due to respondent’s misinterpretation of chapter 754 of the Laws of 1961 of New York which amended subdivision 10 of section 2573 of the Education Law, because such amendment applied to full-time and not to temporary assistant examiners.)
The respondent, in its desire to extricate itself from the dilemma in which it now finds itself because of its own by-laws, resorts to the ingenuous argument that because the by-law was allegedly unnecessary respondent is not bound by it. The respondent would appear to be ill advised in presenting such an argument for if the court were to countenance the respondent’s attempt to disavow its own by-laws the respondent might sometime in tire future find itself in the uncomfortable position of having its own argument, by which it now seeks to shield itself, used as a sword against it. What the respondent is saying in effect is that it expects everyone to .be bound by its by-laws but that it may disregard them when it is not to its own liking or when it suits its own purpose.
There are no triable issues of fact. The facts are not disputed and it is merely the legal implications which are at *970 issue. The court is therefore in a position to grant summary relief.
In view of the fact that this court finds that the examining panel was not legally constituted at the time the petitioner took his inspection test, it is not necessary to decide the other issues raised by the petitioner. The petition is granted.