■ In the Matter of GANINA M. STONE, Respondent, v. CALVIN E. GROSS, as Superintendent of Schools of the City of New York, et al., Appellants.— In a proceeding under article 78 of the CPLR to annul a written request by the Superintendent of Schools of the City of New York to the Teachers' Retirement System of the City of New York that petitioner be retired as a teacher for disability, and for other relief, said Superintendent and Teachers' Retirement System appeal from a judgment of the Supreme Court, Kings County, entered December 24, 1964 upon reargument, which granted petitioner's application in all respects. Specifically, the judgment *inter alia* (1) annulled (a) the request that petitioner be retired as a teacher for disability, (b) a direction by the Teachers' Retirement System that petitioner submit to examination by its Medical Board, (c) certain official directions that petitioner submit to medical and psychiatric examinations, (d) all medical reports made as a result of certain examinations and (e) the imposition upon petitioner of a leave of absence without pay; (2) directed that petitioner be restored to her position as a teacher, with compensation and interest thereon at the legal rate; and (3) enjoined appellants from compelling petitioner to submit to medical or psychiatric examinations for the purpose of retiring her as a teacher for alleged disability. Judgment modified on the law as follows: (1) by deleting the first decretal paragraph and by substituting therefor a provision granting reargument of the original application; and (2) by deleting the fourth, fifth, sixth, seventh, eighth, ninth and tenth decretal paragraphs. As so modified, the judgment is affirmed, without costs. No questions of fact have been considered. The Board of Education is empowered to adopt by-laws (Education Law, § 2554, subd. 13) which have the force and effect of law if not in conflict with legislative enactment (*Matter of Goldberg* v. *Board of Examiners,* 45 Misc 2d 967, 969). Section 106 of the By-Laws of the Board of Education of the City of New York does not conflict with sections 913 and 2568 of the Education Law. Thus, the medical examinations in this case were not illegally required. It follows that the medical reports based thereon are not invalid and that petitioner was properly declared in the status of an inactive employee without pay (By-Law, § 106 [7a].). However, before petitioner can be recommended for disability retirement to the Teachers' Retirement System of the City of New York she is entitled to appear before the Superintendent of Schools for a hearing and determination of her ability to render continuous and efficient service as based on the medical reports (By-Law, § 105a-2). Such a hearing is mandatory (*Matter of Munter* v. *Gross,* 42 Misc 2d 690, 695-696). Furthermore, a request by the Superintendent of Schools to the Teachers' Retirement System that petitioner be retired for disability is insufficient. The Board of Education is the head of this department, not the Superintendent of Schools (Administrative Code of City of New York, § B20-42.0). It does not appear that authority to make this request has been delegated by the board to the Superintendent of Schools (see

*Matter of Munter* v. *Gross, supra,* pp. 696–698). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.