(May 13, 1969)

■    In the Matter of the Claim of LAURETTA D. EDWARDS, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J.    Appeal from a decision of the Workmen's Compensation Board holding claimant to be an employee of the City of New York and as such to be entitled to workmen's compensation by virtue of the city's election in February, 1962 to cover all of its employees under its Career and Salary Plan.  On November 17, 1965 claimant, a business machine operator for the Bureau of Supplies of the Board of Education of the City of New York, injured her left wrist and shoulder as the result of a fall.    As an employee of the Board of Education, claimant was a member of the Career and Salary Plan which the city adopted in 1954 and the Board of Education elected to come within in 1955.    As originally constituted, the plan was designed to establish pay parity among the various branches and departments of the city.    However, while the plan covered all city positions, it did not apply to the employees of independent agencies, boards, public authorities and public corporations unless they elected to come within its purview.    As noted, the Board of Education elected to have its employees come within the plan in 1955, but significantly just one year later in 1956 when leave regulations were added to the plan, the Board of Education did not accede to these and promulgated its own regulations.    Similarly, in 1962 when the city passed a resolution stating that " all employment to which the Career and Salary Plan is applicable  *  *  *  shall be brought within the coverage of the Workmen's Compensation Law of the State of New York ", the Board of Education did not consent to this and instead, pursuant to subdivision 16 of section 2554 of the Education Law as amended in April, 1962, established its own system for compensating its employees injured in the performance of their duties.    These facts are not disputed and the sole question is whether the board properly interpreted the legal consequences thereof in finding that claimant was covered by workmen's compensation in that she was an employee of the city for workmen's compensation purposes.    Before taking up this issue we would note that we find no merit in respondent's position that the Board of Education is not " a party in interest " in this proceeding.    It would seem rather that the Board of Education is vitally concerned in the outcome since it most likely would eventually bear the burden of paying the award were the board's decision final.    The Board of Education clearly has an interest in protecting its funds from application by the city to expenses not authorized by it in its capacity as a State agency (see *Matter of Divisich* v. *Marshall*, 281 N. Y. 170, 173).    And while there is unquestionable confusion in the designation of the parties below the appeal is allowed particularly in view of the interest of the Board of Education in the outcome and since the corporation counsel is the attorney for both the city and the Board of Education.    Respondents urge that claimant is an employee of the city for workmen's compensation purposes relying on a provision of the New York City Administrative Code which defines a city employee as " Any person whose salary in whole or in part is paid out of the city treasury " (Administrative Code of City of New York, § 1150–1.0, subd. 1) and the Court of Appeals decision in *Matter of Daniman* v. *Board of Educ. of City of N. Y.* (306 N. Y. 532).    Clearly *Daniman* holds that since their salary is paid out of the city treasury, Board of Education employees are city employees for some purposes but the Court of Appeals' later decision in *Lanza* v. *Wagner* (11 N Y 2d 317, 326–327) also makes it abundantly clear that board employees are not city employees for all purposes, but merely for the purpose of certain

restrictions. We find no merit in the assertion that section 3 (subd. 1, group 16) of the Workmen's Compensation Law is controlling. In *Matter of Chilk* v. *City of New York* (26 A D 2d 425, affd. 22 N Y 2d 661) we held that group 16 applied only to those employed by the State, but for some reason paid by a municipal corporation or other political subdivision. Clearly this is not the case here. Accordingly, there is no mandate that claimant is a city employee for purposes of the Workmen's Compensation Law and when other statutory provisions are examined it is abundantly evident that the legislative intent is rather that the Board of Education is the employer and that the city's election of coverage in 1962 did not also automatically provide coverage to Board of Education employees. Subdivision 16 of section 2554 of the Education Law was specifically amended in April, 1962, just one month after the city passed the resolution at issue, to give the Board of Education of the City of New York the power to provide those benefits in its discretion it decides to give to its injured employees. If, as the Workmen's Compensation Board has found, employees of the Board of Education are actually city employees for workmen's compensation purposes, then this grant of discretion to the board would be meaningless. Not only would it be unnecessary, since the city could elect to provide the coverage, as the Attorney-General argues it did, but it would be irrelevant since the city could elect coverage contrary to the wishes of the Board of Education. Nor can we agree with respondent's contention that "*by accepting and retaining membership in that Plan after the resolution of the Board of Estimate, dated February 23, 1962*, which extended workmen's compensation coverage to all members thereof, the Board of Education was estopped from disclaiming any benefits inuring to \* \* \* members ". (Emphasis supplied.) At the time of this election of coverage in February, 1962 the Board of Education, as a separate entity, had no power to provide its employees with coverage due to a statutory change in 1957, which eliminated the Board of Education's power to compensate employees. As the Governor noted in a memorandum, the 1957 amendment to subdivision 16 of section 2554 of the Education Law: "deleted the power of the New York City Board [of Education] to compensate teachers and other employees for expenses incurred by reason of injuries sustained in the performance of duty. Thus, for reasons which are not at all clear, the New York City Board could not provide either Workmen's Compensation or medical and hospital expenses in such cases. This bill [the April, 1962 amendment] will restore the Board's power to provide such compensation, in its discretion, for injuries occurring after July 1, 1962." (L. 1962, ch. 964, Memorandum of the Governor.) Moreover, in October, 1962 the Board of Education established its own system providing different coverage for its employees. Such action not only evidences that the Board of Education did not believe itself bound by the city's election, but even assuming *arguendo* that the Board of Education was initially covered by the city's election, its latter selection of its own plan would negate such coverage. Decision reversed and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J. Herlihy, J., dissents and votes to dismiss the appeal, in a memorandum. Herlihy, J. (dissenting). The board found that employees of the Board of Education were employees of the city for compensation purposes. The city and the Board of Education are separate and distinct entities. It was this issue that was reviewed by the Workmen's Compensation Board and no other. Further, upon the present record only the City of New York requested review by the Workmen's Compensation Board and the Board of Education was not aggrieved by the decision of the compensation board. That decision

puts the responsibility solely upon the City of New York. If the mechanics of payment include a chargeback to the Board of Education, that is a problem between it and the city and is irrelevant to this proceeding. I would dismiss the appeal by this appellant. If it is necessary to reach the merits then it should be observed that the various sections and subdivisions of the New York City Administrative Code and the Workmen's Compensation Law cited in the majority opinion provide, at most, that it is not mandated that the Board of Education of the City of New York have workmen's compensation insurance for its teachers, but it may have such coverage. The amendments to the Workmen's Compensation Law and the Education Law in the years 1957 and 1962 did not prohibit the Board of Education of the City of New York from electing to exercise its power to provide workmen's compensation coverage. (See Workmen's Compensation Law, § 3, subd. 1, group 19; L. 1957, ch. 983; L. 1962, ch. 964.) Contrary to the statement in the majority opinion — that the board was not required to have workmen's compensation for its employees — the board was mandated to have such coverage for janitors, custodial employees, et cetera. (See Workmen's Compensation Law, § 3, subd. 1, groups 12, 17.) To say that the Board of Education "had no power to provide its employees with coverage due to a statutory change in 1957" is not only inaccurate but contrary to the policy of the State in protecting its employees and contrary to the present day social philosophy. The board did not find claimant's work to be hazardous, but did find that administrative employees (as distinguished from teachers) were covered. The Board of Education having elected to bring the claimant under the Career and Salary Plan, as found by the board, she was entitled to be covered under the provisions of the Workmen's Compensation Law.