Louis B. Heller, J.
In this article 78 proceeding, the petitioner who was an educational and vocational guidance counselor, seeks an order enjoining the respondent from preventing payment of certain sick leave and summer salary benefits to petitioner and directing that such payment be made to her.
The petitioner was from 1943 through September 11, 1970 an employee of the respondent, initially as a substitute teacher for two years and thereafter as an instructor of the mentally retarded in elementary schools and an educational and vocational guidance counselor. She alleges that in 1961 she helped form a charitable organization known as Educational Guidance Center for the Retarded, Inc. (hereinafter called the “ Center”) and was affiliated with the Center on a part-time basis for the ensuing six years. During the 1967 and 1968 school years she was a full-time salaried employee of the Center while on a leave of absence without pay.
On August 28, 1969 she applied for a sabbatical leave of absence for restoration of health for the period August 1, 1969 *932 to January 31, 1970, which was granted. The application which she signed specifically stated that she was not permitted to engage in gainful occupation while on sabbatical leave. During the sabbatical leave the respondent received information that petitioner was serving as a full-time salaried employee of the Center in violation of the terms of her leave and commenced an inquiry or investigation of the matter. In February, 1970 petitioner applied for a leave of absence for illness with pay for the spring term from February 2,1970 to June 30,1970.
The voluminous papers submitted to this court by both sides present sharp issues of fact as to (a) whether the petitioner was a full-time salaried employee of the Center during her sabbatical and medical leaves of absence or was merely serving on a volunteer basis, and (b) whether she received her regular amount of salary from the Center for the months of September and October, 1969. The court does not pass on these issues of fact.
,On April 27, 1970 the petitioner wrote to respondent requesting a retroactive change in her status from a sabbatical leave of absence to a leave of absence without pay and for a continuance of her medical leave of absence without pay. Apparently unaware of that letter, on May 4, 1970 the Deputy Superintendent for Personnel approved the medical leave of absence with pay through June 30, 1970. However, on May 15, 1970 petitioner wrote to the Deputy Superintendent again requesting that her sabbatical leave of absence be changed to a leave of absence without pay, and offering to refund to respondent any salary paid to her during her sabbatical leave of absence. Her offer was conditioned on all charges or contemplated charges against her being dropped. The proposal was unacceptable to respondent.
On May 18, 1970 the Deputy Superintendent for Personnel wrote to petitioner that the letter of May 4, 1970 was sent in error, and stated: “ In view of the serious questions that have arisen with respect to your paid service on another job while presumably too ill to work, I am hereby rescinding my letter of May 4, 1970.” Stated in another way, her application for a leave of absence for illness was denied. Prior to the commencement of this proceeding, the petitioner made a formal demand for the moneys allegedly owing to her pursuant to alleged salary rights during the period of medical leave of absence and for the month of August, 1970.
The respondent alleges, as an affirmative defense, that the petitioner failed to avail herself of the grievance procedure set forth in the collective bargaining agreement between the United *933 Federation of Teachers and the respondent, Board of Education, and by reason thereof failed to exhaust her administrative remedies. In reply, the petitioner contends (1) that she never received a final decision from which she could appeal to a higher level, and (2) the collective bargaining agreement is not applicable since petitioner retired on September 11, 1970. The petitioner’s contentions lack substance.
The letter dated May 18,1970 from the Deputy Superintendent to petitioner was a determination denying her application for a leave of absence for illness. The letters written by the peti-. tioner and her attorney to the respondent and the Corporation Counsel during the period from June 8, 1970 to September 17, 1970, and which were not answered, were without legal significance. Expressions of protest and frustration are not,-a substitute for compliance with requisite procedures!.
The pertinent part of the collective bargaining agreement between the United Federation of Teachers and the respondent is Article YU B 3 which reads:
“ Special Procedures for Grievances Relating to Salary and Leave Matters
“ Any grievance relating to salary and leave matters shall be filed directly with the Deputy Superintendent for Personnel and shall next be appealed to the Superintendent of Schools. * " i; The provisions of the general procedures relating to Step 3 shall apply to any appeal to the Superintendent of Schools from the decision of the Deputy Superintendent for Personnel.”
In Vaca v. Sipes (386 U. S. 171, 184 — 185) the court stated:
‘1 However, if the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted. Since the employee’s claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement. Republic Steel Corp. v. Maddox, 379 U. S. 650.” No claim is made either that the respondent has repudiated the contractual procedure or that the union wrongfully refused to process the grievance.
The doctrine of exhaustion of administrative remedies requires that the petitioner must first exhaust her administrative remedies before resort to judicial review. (Matter of *934 Sardino v. Finch, 35 A D 2d 686; Matter of Scarsdale-Harney Corp. v. Briante, 11 A D 2d 777; Suppus v. Bradley, 278 App. Div. 337, 339.)
On May -18, 1970, the date of determination by the Deputy Superintendent for Personnel, the collective bargaining agreement was in effect and the petitioner was an employee of the respondent.' She had the right to take an appeal to the Superintendent (now Chancellor) from the decision of the Deputy Superintendent. The petition fails to" allege that she did take such appeal to the Superintendent of Schools and his final decision. She did not exhaust the grievance procedure established by the bargaining agent as a condition precedent to proceeding against the respondent.
Even if the court entertained this proceeding, which as already indicated should not be done, petitioner would not be entitled to relief. The determination of the Deputy Superintendent for Personnel was an act involving the exercise of judgment or discretion and became final and binding on May 18, 1970. This proceeding was commenced on November 13,1970. The proceeding would be barred as untimely since there was no compliance with the four-month period of limitations set forth in CPLR 217. (Matter of Napolitano v. Murphy, 28 A D 2d 852; Matter of Alliano v. Adams, 2 A D 2d 532, affd. 3 N Y 2d 801; Matter of Colodney v. New York Coffee & Sugar Exch., 2 N Y 2d 149.)
Accordingly, the petitioner’s application is denied in all respects and the respondent is entitled to judgment dismissing the petition.