BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF LOCKPORT, Appellant, v PETER J. LICATA, Respondent.

Fourth Department, July 12, 1976

*Andrews, Pusateri, Brandt, Shoemaker, Higgins & Roberson (Anthony Pusateri* of counsel), for appellant.

*Gannon & Gannon (Gordon Gannon* of counsel), for respondent.

DILLON, J. Defendant, a teacher in plaintiff's school district, requested a leave of absence for the last two weeks of the 1974 school year in order to commence a period of military service from June 10, 1974 to September 6, 1974. Despite plaintiff's denial of the request, defendant absented himself from his teaching responsibilities and reported to his temporary active duty station with the United States Marine Corps Reserves. Plaintiff appeals from an order denying its motion for summary judgment with respect to its first cause of action seeking declaratory relief.

Although the orders directing defendant to military service in 1974 were issued with his consent, indeed at his request, he was nonetheless entitled to a leave of absence from his posi-

tion as a public employee pursuant to subdivision 2 of section 242 of the Military Law which provides that public employees shall be deemed to have a leave of absence while engaged in the performance of ordered military duty. Ordered military duty is defined as service performed for a period "not exceeding a total of thirty days in any one calendar year * * * regardless of whether such orders are or may be issued with the consent of such public officer or employee, and regardless of whether such period * * * constitute[s] part of a period * * * exceeding thirty days in any calendar year." (Military Law, § 242, subd 1, par [b], cl [2].) Defendant was therefore guaranteed a leave of absence of up to 30 days notwithstanding the fact that his total period of military duty exceeded 30 days (see *Matter of Williams v Walsh,* 289 NY 1).

Plaintiff contends, however, that leave was prohibited by its regulation which provides that military leave will be granted only where it cannot be arranged when schools are closed. Although the regulation has the force and effect of law (see *Matter of Stone v Gross,* 25 AD2d 753, affd 19 NY2d 675), its apparent conflict with section 242 of the Military Law (cf. *Matter of Williams v Walsh, supra; Fiorile v Goldman,* 24 Misc 2d 944) need not concern us here in view of the contract between the parties which provides that "[m]ilitary leave will be granted to any teacher as provided by Military Law" and that "[t]his agreement shall supersede any rules, regulations or practices of the Board contrary to or inconsistent with its terms."

In reaching this result, we recognize, as is so ably demonstrated in the dissent, that section 242 of the Military Law, as applied here, works an injustice upon the plaintiff, students and taxpayers, and unduly serves the personal interests of the defendant. The legislative history of its enactment, however, leaves us powerless to adopt an alternative construction (see Civil Service Department Memorandum, NY Legis Ann, 1954, p 69). Plaintiff's recourse is in the Legislature, not the courts.

Special Term's order should be reversed and summary judgment granted in favor of defendant (CPLR 3212, subd [b]).

SIMONS, J. (dissenting). By this ruling the court holds that a teacher must be permitted to withdraw from his school employment for 30 days during the school year, not because he is required to do so, but solely as a matter of choice, to attend Marine Reserve Training, and he must be paid by the school district and the Marine Corps while doing so.

I cannot believe the Legislature anticipated or intended this type of windfall to teachers. Clearly, the board of education did not. Its regulations required that military leave would be granted "provided such training and participation cannot be arranged, during periods when schools are closed." The board also required that teachers demonstrate some sense of responsibility and professional loyalty towards their employment when it adopted a regulation that "all teachers should devote themselves faithfully and exclusively to the duties of the profession during the school year." These rules and regulations govern the conduct of the parties with the same force as law if they do not conflict with the Military Law *(Matter of Stone v Gross,* 25 AD2d 753, affd 19 NY2d 675) and in my judgment they do not. The regulations permit military service in accordance with the Military Law, but require that if a reservist is able to satisfy his reserve obligation when school is not in session, he must do so (see *Stevens v Village of Endicott,* 289 NY 655). Both the provisions of the Military Law and the board rules may be accommodated.

It should be pointed out that defendant was not ordered to duty because of an emergency or to satisfy any requirement of the Marine Corps. Nor was this a general assignment such as a regular summer encampment of the National Guard. Defendant requested this period of duty during the period of the school year. The record indicates that the Marine Corps was willing to adjust defendant's orders to avoid interference with defendant's job as a teacher if he so requested. The board asked defendant to request this change and to remain at school during the critical period just before and during final exams but he refused to do so. Despite the board's denial of his requested leave, defendant absented himself from school (as he had done for several years past), protected by his tenure and relying on the provisions of the Military Law, thus forcing the board to hire substitute help to fulfill the educational obligation to defendant's students.

Not only was this service not necessary in the interests of the Marine Corps, it was not necessary to enable defendant to maintain his reserve status or retirement benefits from military service. There was more than ample time during the summer interim in the school year for defendant to meet the Marine Corps' requirements and even if such were not the fact, there were several study programs by which those re-

quirements could be supplemented and the major's active duty requirement fulfilled.

So for 30 days each year the taxpayers must pay not only defendant's school salary, but $1,600 per month, plus fringe benefits for his military service, and he is permitted to accumulate credits under two public retirement systems. On top of this the taxpayers must bear the cost of hiring a substitute teacher to fill defendant's vacancy. Clearly, this decision serves neither the interests of the armed services, the board of education, the public generally, nor the defendant's students. It serves only the private interests of Major Licata.

The order of Special Term should be reversed and plaintiff's motion for summary judgment granted.

MOULE, J. P., CARDAMONE and MAHONEY, JJ., concur with DILLON, J.; SIMONS, J., dissents in an opinion and votes to grant summary judgment to plaintiff.

Order reversed, without costs, and summary judgment granted to defendant in accordance with opinion by DILLON, J.