Memorandum. The rules and regulations of plaintiff board of education, which have the force of law unless in conflict with statute (Education Law, § 2503; Matter of Stone v Gross, 25 AD2d 753, affd 19 NY2d 675), permit military leaves at any time during the school year if "such training and participation cannot be arranged during periods when schools are closed”. In application it is not necessarily inconsistent with the privileges and benefits conferred by section 242 of the Military Law. This section does not preclude a public employer from adopting reasonable regulations to achieve a coordination of the requirements of the Military Law and the convenience of a public employer whose employees are called upon to report for optional "ordered military duty”. Of course, if the two are in conflict, the Military Law must control.
We read the board’s regulation here as intended to accomplish its purpose in harmony and not in conflict with section 242. Thus, in the absence of any showing that a public employee has contrived, whether by planned acquiescence or other means, direct or indirect, to arrange for the fixing of dates for his military duty at a time inconvenient to the needs of his employer, an employee will not have violated the regulation. But the record made on the motion for summary judgment, including the evidence of defendant’s practice of requesting June military duty in years preceding 1974, was not sufficient to demonstrate as a matter of law that the defendant had or had not violated the regulation.
*817 Accordingly, the order of the Appellate Division should be reversed and the order of the Supreme Court reinstated.