Jasen, J. (dissenting).
I dissent and vote to affirm the order of the Appellate Division. The Military Law specifically states, in the most straightforward and direct terms, that "[ejvery public officer or employee shall be entitled to absent himself and shall be deemed to have a leave of absence from his duties or service as such public officer or employee while engaged in the performance of ordered military duty and while going to and returning from such duty.” (Military Law, § 242, subd 2.) Ordered military duty has been legislatively defined to include both any period of military duty of whatever duration served pursuant to orders issued without the employee’s consent, as well as a period of 30 days’ military service within any one calendar year "regardless of whether such orders are or may be issued with the consent of such public officer and employee”. (Military Law, § 242, subd 1, par [b], els [1], [2].) In short, the Legislature has provided that an employee is entitled to one military leave of absence of 30 days duration per calendar year even where the employee consented to the military orders. Further, every public officer must be paid his regular compensation for any and all periods of absence while engaged in the performance of ordered military duty for a period not exceeding 30 days in any one year and not exceeding 30 days in any one continuous period of absence. (Military Law, § 242, subd 5.)
In my view, the board of education’s regulation that military leave may be taken only where such leave is compatible with the school calendar is in plain conflict with governing statute and cannot be sustained. The statute, on its face, authorizes public employees to absent themselves from work for 30 days due to military service even in cases where the employee consented to the service. The Legislature has provided that public employees are entitled to leave of absence under such circumstances and did not impose any requirement that the prior approval of the employing agency be obtained. In fact, there is no requirement that an employee even give an employer notice. Thus, if the employee just simply fails to appear for work due to military commitments, his employer must deem the employee to be on military service. This is what the legislative program provides.
A caveat that the employee’s leave be taken only when it suits the employer is reasonable and, perhaps, desirable. *818 However, it is not what the Legislature provided. The Legislature has deliberately chosen to leave the question of scheduling of short leave ^periods to the sole discretion of the military, even where the employee consents to or requests the order of the military authorities. While the application of the statute in particular cases may work an injustice, the temptation in the courts to rewrite valid statutes to better reflect private views of proper policy should be resisted. The judicial role is a limited one. It is not our proper function to apply only those laws with which we happen to agree. Here, the Legislature acted plainly and unequivocally. There is no contention that the statute is unconstitutional. In short, we should not, under the guise of interpretation, redraft the statute to suit our own policy preferences. If application of the statute is unjust, the appropriate forum for relief is the Legislature itself. For these reasons, as well as those stated in the opinion of Mr. Justice Michael F. Dillon at the Appellate Division (53 AD2d 207), I vote to affirm the order of the Appellate Division.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Cooke concurs.
Order reversed and the order of Supreme Court, Niagara County, reinstated, with costs to abide the event in a memorandum.