MADELINE G. DYER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3226–75.     Filed January 15, 1979.

Madeline G. Dyer, pro se.
*Arthur H. Boelter,* for the respondent.

TANNENWALD, *Judge:* Respondent determined a deficiency of $420 in petitioner's Federal income tax for the calendar year 1973. The issues for our decision are whether amounts received by petitioner while absent from work due to an injury suffered in the line of duty are excludable from her income under section 104(a)(1)[1] and, if not so excludable, the determination of the amount she is entitled to exclude as "sick pay" under section 105(d).

### FINDINGS OF FACT

Some of the facts have been stipulated and are found

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.

accordingly. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference.

Petitioner is an individual who resided in Flushing, N. Y., at the time of filing her petition herein.

In 1971 and for an undetermined period prior thereto, petitioner was employed as a teacher of foreign languages in a New York City high school under the jurisdiction of the New York City Board of Education. On November 1, 1971, she was injured in the course of her employment. From that date until October 26, 1973, petitioner was on sick leave and received her full salary.

Pursuant to regulations of the Board of Education of the City of New York issued on November 19, 1971, by Special Circular No. 25, teachers earn sick leave at the rate of one day per month of service. Unused sick leave accrues to the credit of the teacher and is referred to as the Cumulative Absence Reserve. If an employee is injured or becomes ill other than in the line of duty, he receives his full salary to the extent that he has accrued sick leave or is permitted to borrow sick leave. The amount of time the teacher is absent is deducted from his or her account in the Cumulative Absence Reserve. However, if the employee is injured in the line of duty, no such deduction is made. Petitioner's injury fell within the latter category. The entire amount paid to petitioner during her absence in 1973 was reported on her W-2 form as wages for that year.

Petitioner retired on a disability pension as of October 26, 1973, but did not receive any pension payments in 1973.

## OPINION

Section 104(a)(1) provides that, except in the case of amounts attributable to deductions allowed under section 213, gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." Respondent's regulations interpret the statute as also applying to amounts received "under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." Sec. 1.104-1(b), Income Tax Regs.

Respondent argues that petitioner cannot prevail under section 104(a)(1), first, because the payments were not made

pursuant to a statute and, second, because the payments are not in the "nature of workmen's compensation." We disagree.

We think that, for purposes of section 104(a)(1), the payments to petitioner were made "under a statute." The parties are in agreement that, with an exception not material herein, teachers in the New York City public schools are not covered by any regular workmen's compensation act. However, under the statutory law of New York, the Board of Education of New York City has the authority and duty to provide workmen's compensation for its employees who are injured in the performance of their duties. N.Y. Educ. Law sec. 2554(16) (McKinney 1970); *Edwards v. Board of Education of City of New York*, 32 App. Div. 2d 690 (3d Dept. 1969), 299 N.Y.S.2d 991 (1969). Pursuant to this authority, the Board of Education issued regulations which provided that teachers injured in the line of duty should receive full pay during their absences without a deduction against their accrued sick leave.[2] These regulations have the force and effect of law. *Stone v. Gross*, 25 App. Div. 2d 753 (2d Dept. 1966), 269 N.Y.S.2d 81, affd. 19 N.Y.2d 675, 225 N.E.2d 558, 278 N.Y.S.2d 867 (1967). See also *Board of Education of the City School District of the City of Lockport v. Licata*, 42 N.Y.2d 815, 364 N.E.2d 1337, 396 N.Y.S.2d 644 (1977).

Respondent's second argument, that the payments made to petitioner are not in the nature of workmen's compensation, is apparently based on the fact that the amount paid was the same as her salary. From this fact, he deduces that the payments are a wage continuation plan and excludable only to the extent provided by section 105. From the case law, however, we conclude that whether a payment is in the nature of workmen's compensation depends upon whether the payment is made because of injuries sustained in the line of duty, not upon the amount paid. Compare *Neill v. Commissioner*, 17 T.C. 1015 (1951), *Frye v. United States*, 72 F. Supp. 405 (D.D.C. 1947), and *Boystel v. Commissioner*, T.C. Memo. 1961–146, with *Golden v. Commissioner*, T.C. Memo. 1971–162, and *Rembold v. Commissioner*, T.C. Memo. 1966–7. Moreover, this is the position respondent has taken in administrative rulings. Rev. Rul. 72–136, 1972–1 C.B. 35; Rev. Rul. 68–10, 1968–1 C.B. 50 (where the

---

[2] The record herein contains no evidence that the Board of Education otherwise exercised its authority to provide workmen's compensation for its teachers, nor have our independent efforts produced any such evidence.

taxpayer received his *full pay* as a result of injury in the line of duty).[3]

*Blackburn v. Commissioner*, 15 T.C. 336 (1950), on which respondent relies, is distinguishable. There, a highway patrolman was entitled to payments under a workmen's compensation act and to his salary, for a period not to exceed 1 year, during his absence attributable to injuries sustained in the line of duty. The Court held the latter payments were not in the nature of workmen's compensation but, rather, were intended to provide compensation for the hazardous nature of the work. By contrast, the facts herein are that the Board of Education has made provisions which have the same purpose as workmen's compensation and provide benefits in lieu of workmen's compensation.

In view of the statutory nature of the regulations of the Board of Education, the absence of any other provisions for compensation as a result of injury suffered in the line of duty, and the fact that petitioner was not charged with sick leave during the period she was being paid, we hold that the payments made to her for the period January 1, 1973, until her retirement on October 26, 1973, were received under a statute in the nature of a workmen's compensation act and are excludable from her gross income under section 104(a)(1).[4]

Because of this holding, it is unnecessary for us to reach the issue of the extent to which such payments are excludable under section 105(d).

*Decision will be entered under Rule 155.*

---

[3]Rev. Rul. 78–416, 1978–48 I.R.B. 6, which held that payments received as "continuation of pay" by a Federal employee pursuant to sec. 11 of the Federal Employees' Compensation Act, 5 U.S.C. sec. 8118(a) (1976), are not received as compensation for personal injuries or sickness, is distinguishable. Such payments are made for a period not to exceed 45 days to employees who were injured in the performance of their duties and are intended to eliminate economic hardship caused by the delay in processing claims for disability benefits. The legislative history specifically provides that such payments are not intended to be exempt from taxation. S. Rept. 93–1081, U.S. Code Cong. & Adm. News 5341, 5344, 93d Cong., 2d Sess. (1974).

[4]Respondent makes reference to sec. 1.104–1(b), Income Tax Regs., providing that sec. 104(a)(1) does not apply to amounts received for an occupational injury or sickness to the extent that they are in excess of the amount provided in the applicable workmen's compensation acts. He posits no argument based on this position, however, separate and apart from his argument that the petitioner's payments were not received under a statute in the nature of a workmen's compensation act. See Rev. Rul. 68–10, 1968–1 C.B. 50.