■ In the Matter of Mirella Baroni-Harris, Respondent, v Harold M. Jacobs et al., Constituting the Board of Higher Education of the City University of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the board of higher education to reinstate petitioner to her position as, in effect, a tenured lecturer at Brooklyn College, the appeal (partly as of right and partly by permission) is from an order and judgment (one paper) of the Supreme Court, Kings

County, dated September 7, 1979, which, without a hearing (1) granted the relief sought in the first cause of action, and directed that petitioner be reinstated, (2) severed the second and third causes of action and (3) directed (a) that the latter causes of action be tried forthwith should petitioner seek to pursue them and (b) that petitioner should be permitted unlimited discovery and disclosure in furtherance thereof. The appeal brings up for review an order of the same court, dated February 5, 1979, which denied appellants' motion to dismiss the petition. Order and judgment dated September 7, 1979 and order dated February 5, 1979, reversed, on the law, motion to dismiss granted as to the entire petition, and petition dismissed, with one bill of $50 costs and disbursements to the appellants, and with leave to petitioner to replead her third cause of action. The prime dispute presented in this matter, as set forth in the first cause of action pleaded in the petition, is whether under a stated provision of the by-laws of the board of higher education, petitioner was entitled to have been accorded the equivalent of statutory tenure, a certificate of continuous employment (hereinafter a CCE), after her fifth year as a member of the staff of Brooklyn College and her sixth appointment thereto, regardless of whether she served as an instructor or a lecturer during those years. The second cause of action contains, in sum, an allegation that the petitioner was dismissed from her position as a lecturer at Brooklyn College for budgetary reasons so that others could be employed at a lesser salary. In her third cause of action petitioner simply asserts that she was dismissed because she is a woman and because she is of Italian descent. Appellants initially moved to dismiss the petition on the grounds, *inter alia,* (1) that it did not state a cause of action and (2) that petitioner failed to exhaust her administrative remedies, limiting this second claim, however, to the first and second causes of action only. In our judgment, Special Term correctly found that the first cause of action was sufficiently stated. However, it erred in finding that petitioner was not required to exhaust her administrative remedies before seeking a judicial determination of her dispute with appellants. It is undisputed that petitioner was not within the class of teachers who could obtain statutory tenure (see Education Law, former § 6206, subds 2, 3 [repealed by L 1979, ch 305, § 1]). The equivalent of statutory tenure, the CCE, was accorded instructors and lecturers at Brooklyn College by way of a collective bargaining agreement provision, which, by its terms, was to be, and was, written into the by-laws of the board of higher education. Subsequently, a new collective bargaining agreement was entered into and the terms of obtaining a CCE were slightly redefined. By the terms of the new agreement, which is applicable herein, any inconsistency or conflict between its terms and the by-laws was to be determined in favor of the agreement, and the by-laws of the board were to be amended to conform therewith. It does not appear, however, that any such amendment was in fact made. Petitioner has asserted her right to a CCE under the unamended by-law provision. The controlling collective bargaining agreement provides, *inter alia,* that the grievance procedure therein authorized shall be the sole method used for the resolution of all complaints and grievances. A grievance includes a breach, misinterpretation or improper application of a term of the agreement and an arbitrary or discriminatory application of, or failure to act pursuant to, the by-laws and written policies of the board relating to the terms and conditions of employment. Although petitioner commenced the grievance procedure, she alleges that a final determination was withheld, despite her demands therefor, and that she subsequently resorted to the courts for relief. The record on appeal indicates that her grievance was

denied at steps one and two of the three-step procedure and that although a demand for arbitration under the third step has been served by petitioner, no date for such arbitration has as yet been fixed. In our view, Special Term incorrectly held that petitioner could seek the aid of the courts prior to the final determination of the grievance proceedings. While Special Term correctly observed that where there are only questions of law presented and the inquiry is limited to whether school officials acted in violation of a statute, direct resort to the courts is proper (see *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 278), there is no basis for likening the board's alleged by-law violation to a statutory transgression. Although the elevation of such regulation may be proper in certain circumstances (cf. *Board of Educ. v Licata,* 42 NY2d 815, 816; *Matter of Stone v Gross,* 25 AD2d 753, affd 19 NY2d 675; *Matter of Garber v Board of Educ.,* 50 Misc 2d 711, 713), such is not the case at bar. Not only were the allegedly applicable provisions to be consonant with and controlled by the collective bargaining agreement, but insofar as they are involved in the dispute *sub judice,* they were in conflict with the Education Law which did not then authorize statutory tenure for either of the positions held by the petitioner throughout her teaching career at Brooklyn College. Accordingly, the requirement of CPLR 7801 (subd 1) that administrative remedies must be exhausted prior to the commencement of a CPLR article 78 proceeding applies herein and was, undisputedly, not satisfied by petitioner. The first cause of action must, therefore, be dismissed. In view of the apparent ability of the petitioner to obtain an administrative determination of her dispute in this respect, we refrain from making any comment as to the merits thereof. As to the second and third causes of action we find they are not sufficiently stated at law and must be dismissed. Although petitioner alleges a wrongful termination of services in her second cause of action, she fails to make clear upon what statute or contract provision her right to reappointment is predicated. Since the third cause of action charges both statutory and constitutional violations, it is unnecessary to complete grievance proceedings in this regard before judicial review may be sought (see *Matter of Lezette v Board of Educ., supra).* Accordingly, we grant petitioner leave to replead her third cause of action with more specificity. Finally, we note that disclosure in special proceedings is governed by the provisions of CPLR article 31 (see CPLR 103, subd [b]) which permits full disclosure of material and necessary evidence by means of certain specified disclosure devices. Insofar as Special Term's order may be construed as authorizing disclosure beyond the scope thus permitted, it is erroneous. Since there was no specific item of disclosure in question, it was injudicious for Special Term to make such a direction *sua sponte.* Damiani, J. P., Lazer, Gibbons and Martuscello, JJ., concur.