■ JAMAICA BUSES, INC., Respondent, v FRANK CONNOR et al., Appellants, et al., Defendants.—In an action to recover for property damage resulting from a vehicular collision, defendants Frank Connor and Connor Trucking, Inc., appeal from an order of the Supreme Court, Queens County, dated February 26, 1980, which denied their motion to dismiss the action for plaintiff's failure to serve a timely complaint. Order reversed, on the law, with $50 costs and disbursements, appellants' motion granted and action dismissed. Plaintiff has failed to satisfy its burden of showing that the delay in the prosecution of its action is excusable and that its claim is meritorious (see *Barasch v Micucci,* 49 NY2d 594). Furthermore, the acceptance of plaintiff's complaint when served in accordance with the order herein appealed from did not constitute a waiver of appellants' right to appeal from such order (see *Warren v Baker,* 57 AD2d 709, 710). Hopkins, J. P., Mangano and O'Connor, JJ., concur; Weinstein, J., dissents and votes to affirm the order.

■ FRED MELTON, Respondent, v TOWN OF ISLIP, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Parks, Recreation and Cultural Affairs of the Town of Islip dismissing petitioner from his position as a laborer, the Town of Islip appeals from a judgment of the Supreme Court, Suffolk County, dated August 3, 1979, which, *inter alia,* directed that petitioner be reinstated. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. The rights which petitioner seeks to enforce were accorded him solely by a collective bargaining agreement, and his remedy, which indisputably has not been exhausted, may be found in the grievance procedure therein set forth. Accordingly, this proceeding must be dismissed (see CPLR 7801; *Matter of Baroni-Harris v Jacobs,* 76 AD2d 922; *Matter of Coffee v Board of Educ.,* 65 Misc 2d 931). Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.