■ JUAN FERNANDEZ, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated July 14, 1986, which denied his motion for summary judgment and granted the defendant's motion to vacate its default, conditioned upon the attorney for the defendant paying to the plaintiff the sum of $250, and which directed all parties to appear for examinations before trial.

Ordered that the order is affirmed, with costs.

Initially, we note that the plaintiff did not waive his right to appeal from this order (see, *Jamaica Buses v Connor,* 78 AD2d 540, *affd* 52 NY2d 868; *cf., Rosner v East Nassau Med. Group,* 119 AD2d 563).

On August 6, 1984, the plaintiff was treated in the emergency room at Queens Hospital Center. He was given a prescription which he filled at the hospital's pharmacy. The prescription was apparently for "Clinitest" tablets which were to be used by the plaintiff to test his urine but were not to be

ingested. The plaintiff, who understands only Spanish, was allegedly never told in Spanish that the pills were not to be taken internally.

On August 9, 1984, the plaintiff was admitted to Queens Hospital Center giving a history of ingesting the Clinitest tablets. An endoscopy revealed gastric "burns". The plaintiff was hospitalized and discharged one week later on August 16, 1984.

The basis of the plaintiff's cause of action sounding in both malpractice and negligence is the hospital and pharmacy's failure to explain to the plaintiff in Spanish, the only language he understood, that he should not ingest the Clinitest tablets which were to be used to test his urine. He further alleged that he had ingested the Clinitest tablets and thereby sustained injury.

The defendant failed to appear at an initial examination before trial pursuant to plaintiff's notice. The defendant then defaulted with respect to court-ordered examinations before trial on December 4, 1985, and failed to oppose the plaintiff's motion to strike its answer for failure to appear at the examinations before trial, which resulted in an order dated February 14, 1986, granting that relief. Based on the prior order, the plaintiff moved for summary judgment and an immediate trial with respect to damages. The defendant opposed this motion and moved to vacate its default.

The defendant's default was admittedly due to law office failure. However, the Supreme Court did not abuse its discretion in finding that defendant had offered a reasonable excuse for its delay under the circumstances (CPLR 2005). The delay was relatively short, and there has been no prejudice to the plaintiff. The defendant has also set forth a meritorious defense to the action. The plaintiff's complaint speaks in terms of ordinary "negligence" as well as "malpractice", while his bill of particulars refers only to a cause of action sounding in negligence. In its verified answer, the defendant denied all the relevant allegations in the complaint, including the contention that the plaintiff was not advised in Spanish not to ingest the tablets. Further, the defendant submitted an affidavit of a physician which stated, in general terms, that the defendant had a meritorious defense. Under the particular circumstances of this case, where the liability is apparently based on the alleged failure to advise the plaintiff in Spanish not to ingest the tablets, the combination of the denial of the verified answer and the affidavit by the physician was sufficient to set forth a meritorious defense for the purpose of this motion. We

cannot say that the Supreme Court abused its discretion in vacating the default *(see generally, Stolpiec v Wiener,* 100 AD2d 931; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2005.02). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.