William A. RUTTER,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 787, Docket 84–4152.

United States Court of Appeals,
Second Circuit.

Argued Feb. 21, 1985.
Decided April 29, 1985.

Gilbert S. Rothenberg, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Martha Brissette, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for respondent-appellee.

Raymond E. Kerno, Little Neck, N.Y. (Joseph G. Metz, Elizabeth Platte Johnson, Law Offices of Richard Hartman, Little Neck, N.Y., of counsel), for petitioner-appellant.

Before VAN GRAAFEILAND, WINTER and PRATT, Circuit Judges.

PER CURIAM:

The sole issue before us is whether payments received by petitioner William A. Rutter while on sick leave from the New York City Police Department as the result of an injury received in the line of duty are excludable from gross income as amounts received under either a workmen's compensation act, 26 U.S.C. § 104(a)(1), or a statute in the nature of a workmen's compensation act, Treas.Reg. § 1.104–1(b) (1982). Finding that these payments meet neither qualification, we conclude that they are not excludable from Rutter's gross income and affirm the order and decision of the tax court.

Although Rutter served as a New York City police officer during most of the taxable year 1978, he was absent from work for approximately six months of that year due to an injury sustained in the line of duty in 1972. During that absence, he received sick leave payments totaling $10,873.45. These payments were made pursuant to a labor contract between the City of New York and the Patrolmen's Benevolent Association of New York, Inc. The relevant portion of the contract provides that

[e]ach employee shall be entitled to leave with pay for the full period of any incapacity due to illness, injury or mental or physical defect, *whether or not service-connected.*

Emphasis added.

The parties stipulated that this section of the labor contract is "consistent with" § 434a–14.0(c) of the Administrative Code of the City of New York, which provides that the New York City police commissioner is authorized

to deduct and withhold salary from any member or members of the force for or on account of absence for any cause without leave, lost time, sickness or other disability.

On his 1978 federal income tax return, Rutter claimed an exclusion from gross income for the amount he had received as sick leave payments during that tax year, but the commissioner disallowed this amount in full. The tax court upheld the commissioner's determination and this appeal followed.

Section 61(a) of the Internal Revenue Code provides that, except as otherwise provided by law, gross income means all income from whatever source derived, including compensation for services. 26 U.S.C. § 61(a). Under § 104(a)(1), however, "amounts received under workmen's compensation acts as compensation for personal injuries or sickness" are excluded from gross income. 26 U.S.C. § 104(a)(1). Treasury Regulation § 1.104–1 interprets § 104(a)(1) to exclude from gross income any amounts

received by an employee under a workmen's compensation act * * * *or under a statute in the nature of a workmen's compensation act* which provides compensation to employees for personal injuries or sickness incurred in the course of employment.

Emphasis added.

Rutter does not claim that the plain language of the statute, § 104(a)(1), allows him to exclude his sick leave pay from gross income, since his sick leave pay was obviously not received "under a workmen's compensation act". Rutter does contend, however, that he qualifies under the regulation, § 1.104–1, which allows for the ex-

clusion of payments made "under a statute in the nature of a workmen's compensation act."

To qualify under the regulation, however, Rutter must first show that he received his sick leave pay pursuant to a "statute", and this he cannot do. We recognize that courts have not limited the interpretation of the term "statute" in this section to state or federal statutes or city ordinances. For example, in *Dyer v. Commissioner of Internal Revenue*, 71 T.C. 560 (1979), the petitioner received sick leave payments pursuant to regulations of the Board of Education of the City of New York, and, reasoning that "[t]hese regulations [had] the force and effect of law", the tax court found that the payments were made under a "statute" for the purposes of § 104(a)(1). *Id.* at 562.

However, Rutter's payments were not made pursuant to a regulation, but pursuant to a labor contract. A regulation, like a statute, is a rule of general applicability promulgated by a public agency to govern conduct within the agency's jurisdiction. A labor contract, unlike a statute, is an agreement between union and employer, modifiable at any time. That this particular labor contract involved a public employer is irrelevant to the legislative purposes behind the workmen's compensation exclusion, and does not convert the contract into a "statute". Finally, Rutter does not cite, nor have we found, any case holding that the term "statute" in Treasury Regulation § 1.104–1(b) can be stretched to include a labor contract. In short, we hold that Rutter's sick leave payments are not excludable from his gross income because the labor contract under which they were paid does not qualify as a statute within the meaning of the regulation. *See* Rev.Rul. 83–77, 1983–1 C.B. 37, 38.

Rutter also argues that § 434a–14.0(c) of the Administrative Code of the City of New York may be viewed as a "statute in the nature of a workmen's compensation act" under which he received his sick leave payments. There are two flaws to this argument. First, Rutter did not receive his sick leave payments pursuant to this section; as he has stipulated, the payments were made pursuant to the labor contract. The fact that the parties also stipulated that the contract is "consistent with" this section of the New York City Administrative Code does not alter the basis for Rutter's sick leave payments. This section of the administrative code simply provides that the police commissioner is authorized to *deduct and withhold salary* from any member of the force "for or on account of absence for any cause without leave, lost time, sickness or other disability * * *". As suggested by the fact that § 434a–14.0 is entitled "Discipline of members", the section is intended to give the police commissioner the authority, within certain limits, to withhold pay on the account of absence, rather than to affirmatively authorize payments on account of disability or sickness.

Second, even if we were to assume that Rutter somehow received his payments under this section, he still could not succeed because the section is not a statute "in the nature of a workmen's compensation act". Unless a statute contains some provision restricting the payment of benefits to cases of work-related disabilities, it is not in the nature of a workmen's compensation statute. *Clifford v. Commissioner*, 48 T.C.M. 1984–426; *see Riley v. United States*, 156 F.Supp. 751, 752, 140 Ct.Cl. 381 (1957). Under the scheme for New York City policemen all sick leave is compensated, whether work related or not. Rutter's argument that his payments should qualify because they were in fact the result of a work-related injury is unavailing. In determining whether such payments are excludable from gross income, the regulation charges us to look to the nature of the statute, rather than the source of the injury, and a statute that does not distinguish between work-related injuries and other types of injuries is not "in the nature of a workmen's compensation statute".

We also reject Rutter's claim that the commissioner erred when he applied Rev. Rul. 83–77, promulgated in 1983, retroactively to Rutter's case. The commissioner

has discretion to retroactively apply his regulations and rulings, *Dixon v. United States*, 381 U.S. 68, 71, 85 S.Ct. 1301, 1303, 14 L.Ed.2d 223 (1965); *see* 26 U.S.C. § 7805(b), and nothing in the record indicates that the commissioner abused that discretion here.

Affirmed.