VINCENT CRAIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crain v. Commissioner
Docket No. 22461-84.
United States Tax Court
T.C. Memo 1986-138; 1986 Tax Ct. Memo LEXIS 470; 51 T.C.M. (CCH) 806; T.C.M. (RIA) 86138; April 8, 1986. Vincent Crain, pro se. Anne W. Durning, for the respondent. GOFFE
MEMORANDUM FINDINGS *471 OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in the Federal income tax liability of petitioner and his deceased wife for the taxable year 1980 in the amount of $7,672. After concessions, the issues for decision are: (1) whether petitioner is entitled to exclude from income amounts received as sick leave pay because of an injury sustained in the course of his duties as a New York City policeman, and (2) whether petitioner may deduct as medical expenses amounts paid for holistic treatment of his deceased wife's illness. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated by this reference. Vincent Crain (petitioner) resided in Phoenix, Arizona, when he filed his petition in this case. During the taxable year in issue, however, petitioner was employed as a policeman by the New York City Police Department. On January 2, 1980, petitioner suffered an injury in the line of duty that left him disabled and unable to work. Throughout the taxable year 1980 petitioner received sick leave pay under a labor contract between the Patrolman's Benevolent Association of the City of *472 New York, Inc. and the City of New York (the union contract). The sick leave pay that petitioner received pursuant to this contract during the taxable year 1980 totaled $25,532.63. Under the union contract petitioner was entitled to leave with pay for the full period of any incapacity due to any illness, injury, or mental or physical defect. Petitioner was entitled to sick leave pay whether he was disabled due to a line-of-duty injury or due to any other type of injury or illness. Sometime during 1980, petitioner's wife was determined to be ill with cancer. She initially consulted with medical doctors, who advised traditional methods for the treatment of cancer including surgery, radiation therapy, and chemotherapy. Eschewing the traditional medical treatments, however, she chose to travel to a holistic healing center in Boston. She stayed at the center for approximately two weeks. Dietary changes were a primary portion of the treatments she received. Upon leaving the center, petitioner's wife professed to feel better. However, she succumbed to her illness on August 19, 1984. During the taxable year 1980 petitioner made several payments by check to the holistic healing *473 center totaling $2,135.55. Petitioner deducted the payments to the holistic healing center on his Federal income tax return for the taxable year 1980 as medical expenses. Petitioner also excluded $25,532.63 in sick pay from taxable income on his tax return for the taxable year 1980. In his statutory notice of deficiency the Commissioner disallowed the medical expense deduction claimed for the payments to the holistic healing center. The Commissioner also increased petitioner's taxable income by $25,532.63, which represented the sick leave pay excluded by petitioner on his return. The Commissioner made other adjustments that, due to concessions by the parties, are no longer in issue. The adjustments made by the Commissioner resulted in the determination of a deficiency in petitioner's income tax liability for the taxable year 1980 in the amount of $7,672. OPINION The statutory notice of deficiency issued by the Commissioner enjoys a presumption of correctness, and petitioner bears the burden of proving his entitlement to any exclusion or deduction. *474 Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [1]
Section 61(a) provides that, except as otherwise provided by law, gross income means all income from whatever source derived, including compensation for services. However, section 104(a)(1) provides that amounts received under a workmen's compensation act as compensation from personal injuries or sickness will be excluded from gross income. The exclusion under section 104(a) also applies to payments received under a statute in the nature of a workmen's compensation act for personal injuries or sickness incurred in the course of employment. Haar v. Commissioner,78 T.C. 864, 867-868 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983); sec. 1.104-1(b), Income Tax Regs. Therefore, the question before us is whether the sick leave pay that petitioner received in 1980 falls within the exclusion of section 104(a)(1). The sick leave payments that petitioner received were clearly not made pursuant *475 to a workmen's compensation act. Furthermore, a statute is in the nature of a workmen's compensation act only if it allows payments solely for personal injuries or sickness incurred in the course of employment. Take v. Commissioner,82 T.C. 630, 634 (1984); Haar v. Commissioner,supra at 868. Even if we were to assume that the sick leave payments were made pursuant to a statute, they cannot be considered as made pursuant to a statute in the nature of a workmen's compensation act, because petitioner would have been entitled to those payments regardless of whether he was injured in the line of duty. The identical issue raised by petitioner was recently before the Second Circuit Court of Appeals. Rutter v. Commissioner,760 F.2d 466 (2d Cir. 1985), affg. a Memorandum Opinion of this Court. In Rutter, the court considered the taxability of sick leave payments received by the taxpayer, also a New York City policeman injured in the line of duty, pursuant to a contract identical to the union contract before us. The court found that the sick leave pay was not excludable from gross income because it was not paid pursuant to a *476 statute, even though the union contract in question, like the one before us, was "consistent with" the administrative code of the City of New York. Instead, the sick leave payments simply were found to be made pursuant to a labor contract. 760 F.2d 468. As such, they were not excludable under section 104(a)(1). [2]
We cannot distinguish the facts before us from those found in Rutter v. Commissioner,supra. The sick leave pay received by petitioner is not excludable from his gross income for the taxable year 1980. Next we must address whether the payments made by petitioner to a holistic healing center *477 represent deductible medical expenses. Section 213 allows a deduction for expenses actually paid during the taxable year for medical care of the taxpayer, his spouse, or a dependent. [3]
The regulations under section 213 require that the taxpayer substantiate the claimed deduction by furnishing the name and address of the person to whom payment was made and the amount and date of the payment. Sec. 1.213-1(h), Income Tax Regs. The regulations also require that the taxpayer produce, at the district director's request, additional substantiation in the nature of a statement or itemized invoice from the provider of the medical services. [4]
*478 Deductions under section 213 for payments made for medical care are not limited strictly to traditional medical procedures, but include payments made "for the purpose of affecting any structure or function of the body." Sec. 213(d)(1)(A). This broad view of medical care leads to the allowance of medical expense deductions for "nontraditional" medical care. [5]
The parties stipulated that petitioner made several payments to "Evergreen Enterprises" and "Green Pastures, Inc." totaling $2,135.55. Petitioner testified that "Evergreen Enterprises" and "Green Pastures, Inc." were one in the same and that the payments represented the cost of his wife's care at a holistic healing center. We do not doubt him. Further, respondent does not argue that amounts paid for holistic healing cannot create a deductible medical expense. Rather, respondent argues that petitioner failed to adequately substantiate the medical expense deduction *479 he claimed for the cost of the holistic healing care his wife received. We agree with respondent. Petitioner failed to demonstrate that these payments were for the type of holistic medical care that would support a deduction under section 213. He could not specify the type of care his wife received in return for the payments, other than that it involved dietary changes and did not involve traditional cancer treatments. Petitioner also failed to produce any type of documentation to show the nature of medical care his wife received at the holistic healing center. For this reason, we must uphold respondent's determination of the amount of medical expense deduction to which petitioner is entitled. We sympathize with petitioner's plight. His life has been thrown into disarray because of his disability and the loss of his beloved wife. Yet, as a court of law we are constrained to apply the law before us to each taxpayer equally. We are powerless to make exceptions to those laws based on our perceptions of fairness or charity. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to this Court's Rules of Practice and Procedure.↩
2. Similarly, this Court found in Clifford v. Commissioner,T.C. Memo. 1984-426, that sick leave payments made to another New York City policeman injured in the line of duty under the same union contract were not excludable from gross income. In that case we emphasized that the taxpayer would have received the same benefits regardless of whether he was injured in the line of duty or otherwise. Clifford v. Commissioner,supra (distinguishing Dyer v. Commissioner,71 T.C. 560, 562↩ (1979)).
3. During the taxable year in issue, deductions for medical expenses under section 213↩ were, among other restrictions, limited to the extent that such expenses exceeded 3 percent of the taxpayer's adjusted gross income.
4. The regulations under section 213 provide: Claims for deductions must be substantiated, when requested by the district director, by a statement or itemized invoice from the individual or entity to which payment for medical expenses was made showing the nature of the service rendered, and to or for whom rendered; the nature of any other item of expense and for whom incurred and for what specific purpose, the amount paid therefor and the date of the payment thereof; and by such other information as the district director may deem necessary. [Sec. 1.213-1(h), Income Tax Regs.↩]
5. Tso v. Commissioner,T.C. Memo. 1980-399 (deduction determined for cost of Navajo Indian healing ceremony); Rev. Rul. 72-593, 1972-2 C.B. 180↩ (medical expense deduction allowed for payments made for acupuncture treatment).