WILLIE DAWSON CURMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Curmon v. Commissioner
Docket No. 16104-89
United States Tax Court
T.C. Memo 1991-432; 1991 Tax Ct. Memo LEXIS 481; 62 T.C.M. (CCH) 651; T.C.M. (RIA) 91432; September 4, 1991, Filed *481 Decision will be entered for the respondent as to the deficiency in tax and for the petitioner as to the additions to tax. Willie Dawson Curmon, pro se. Steven M. Diamond, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code for the taxable year in issue, unless otherwise indicated. All Rule numbers refer to the Tax Court Rules of Practice and Procedure.) Respondent determined a deficiency in and additions to petitioner's Federal income tax for 1984 as follows: Additions to Tax
Deficiency
Section 6653(a)(1)
Section 6653(a)(2)
$ 5,346
$ 267
*
Respondent has conceded the additions to tax. The sole issue the Court must decide is whether petitioner may exclude sick pay received for an injury in the line of *482 duty from gross income under section 104(a)(1). Some of the facts have been stipulated and are so found. Petitioner resided in Brooklyn, New York, when his petition was filed. During 1984, petitioner was employed as a firefighter with the New York City Fire Department. Petitioner suffered an injury in the line of duty. Due to the injury, petitioner was on sick leave from January 18, 1984, through December 31, 1984. Petitioner received $ 29,064.72 from the City of New York while on sick leave. In the City of New York, firemen do not receive workmen's compensation. They receive unlimited sick leave. The sick leave payments were made pursuant to the Administrative Code of the City of New York, Title 15, section 108 (section 15-108), as in effect for 1984. Section 15-108 provides as follows: Salary during absence from duty caused by injury or sickness. Each member of the uniformed force shall be paid full pay or compensation during absence from duty caused by injury or sickness, except as otherwise provided by law.
The parties have stipulated that section 15-108 allows for "full pay or compensation" whether or not the injury or sickness is incurred in the line *483 of duty. Petitioner timely filed his Federal income tax return for 1984. The W-2 form from the City of New York attached to his return shows total wages, tips, and other compensation as $ 30,863.70. On petitioner's return, petitioner listed $ 1,798.98 as his total wages. Petitioner excluded $ 29,064.72 from his gross income and attached a letter from the City of New York Fire Department which stated that petitioner's pay while on sick leave totalled $ 29,064.72. Respondent disallowed the exclusion in the rounded amount of $ 29,065 (we consider the 18-cent difference de minimis) because petitioner "failed to establish that any amount was received under a workmen's compensation act (or a statute in the nature of a workmen's compensation act) for personal injuries or sickness incurred in the course of employment." Section 104(a) provides in pertinent part that: In General.-- * * * gross income does not include-- (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness; * * *
Section 1.104-1(b), Income Tax Regulations, provides in pertinent part that: * * * Section 104(a)(1) excludes from gross income amounts which *484 are received by an employee under a workmen's compensation act * * * or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment.* * * Petitioner acknowledges that he is not entitled to workmen's compensation. Petitioner claims that because his injury was incurred in the line of duty and "not just a regular sickness," the payments should be excludable as if they were workmen's compensation. We must decide whether the payments were made "under a statute in the nature of a workmen's compensation act." A statute is in the nature of a workmen's compensation act only if it allows payments solely for personal injuries or sickness incurred in the course of employment. Rutter v. Commissioner, 760 F.2d 466, 468 (2d Cir. 1985), affg. per curiam a Memorandum Opinion of this Court. [The Second Circuit is the Court of Appeals to which an appeal in this case would lie.] It is undisputed that petitioner suffered his injury in the line of duty. However, in determining whether payments are excludable under section 104(a), we are required to "look to the *485 nature of the statute, rather than to the source of the injury." Rutter v. Commissioner, supra at 468. Petitioner would have received the same full salary payments had he been incapacitated due to an illness or injury that was totally unrelated to his employment as a firefighter. Clifford v. Commissioner, T.C. Memo 1984-426. Therefore, petitioner did not receive payment under a statute in the "nature of a workmen's compensation act" under section 104(a). Rutter v. Commissioner, supra.
Decision will be entered for the respondent as to the deficiency in tax and for the petitioner as to the additions to tax. Footnotes
*. 50 percent of the interest due on the underpayment of $ 5,346 attributable to negligence.↩