T.C. Memo. 2002-319


UNITED STATES TAX COURT


RAYMOND J. AND JACQUELYN M. BYRNE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 130-01.              Filed December 30, 2002.


        P suffered a permanent disability that arose out
of, and in the course of, his employment as a municipal
court judge.  P was awarded a disability retirement
under the Judges' Retirement Law, Cal. Govt. Code secs.
75060(a) and 75061(a) (West 1993 & Supp. 2002), which
provides for a disability retirement if a judge has
been credited with at least 2 years of judicial service
or "the disability is a result of injury or disease
arising out of and in the course of judicial service."
P seeks to exclude from gross income under sec.
104(a)(1), I.R.C., the payment P received in 1997.  R
argues that the Judges' Retirement Law is not in the
nature of a workers' compensation act and the payment
is not excludable.

        <u>Held</u>:  Under sec. 1.104-1(b), Income Tax Regs.,
gross income does not include amounts received under a
statute in the nature of a workers' compensation act.
A statute that does not distinguish between work-
related injuries and other types of injuries is not in
the nature of a workers' compensation act.  <u>Rutter v.</u>

<u>Commissioner</u>, 760 F.2d 466, 468 (2d Cir. 1985), affg. T.C. Memo. 1984-525.  However, benefits received under a "dual-purpose statute", i.e., a statute which authorizes payments for work-related and non-work-related disabilities, may qualify for exclusion if they are received under some specific provision which restricts the payment of benefits to cases of work-related disabilities.  Cal. Govt. Code sec. 75061(a) contains one clause which restricts the payment of benefits to cases of work-related disabilities.  Thus, that portion of the Judges' Retirement Law is in the nature of a workers' compensation act.  P is entitled to exclude the payment that he received in 1997.

<u>Robert R. Rubin</u>, for petitioners.

<u>Steven J. Mopsick</u>, for respondent.

## MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Respondent determined a deficiency of $14,178 in petitioners' Federal income tax and an accuracy-related penalty of $2,835 pursuant to section 6662(a) for 1997.[1] Respondent concedes the accuracy-related penalty, and the issue for decision is whether petitioner Raymond J. Byrne (Judge Byrne) properly excluded from gross income under section 104(a)(1) certain disability retirement payments that he received under the California Judges' Retirement Law.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Union, Washington, at the time of filing the petition.

Judge Byrne was born on July 29, 1928. On June 3, 1980, he was elected to a 6-year term as municipal court judge for Sonoma County, California, and he took office on January 5, 1981. Judge Byrne's term as a municipal court judge did not expire until December 31, 1986; however, his service as a judge effectively ended on June 5, 1986, when he suffered a permanent disability that arose out of, and in the course of, his employment. The permanent disability was a mental injury that was caused by an exceptionally heavy workload and his inability to cope with the ramifications of his judicial decisions. As a result of job-related stress, Judge Byrne sank into a major depression which prevented him from performing his job.

On or about September 29, 1986, Judge Byrne filed an application for disability retirement under the Judges' Retirement Law.[2] On December 10, 1986, his application was denied by the Commission on Judicial Performance (commission). However, on or about November 30, 1989, the application was

---

[2]The Judges' Retirement System is administered by the Board of Administration, California Public Employees' Retirement System (Cal. PERS). To participate, judges must contribute 8 percent of their salaries.

approved after the submission of additional evidence.  At the time the application was approved, the commission possessed medical evidence that Judge Byrne's disability was sustained during the course of his employment as a judge.  On December 14, 1989, the chairperson of the commission and the Chief Justice of the Supreme Court of California signed a certificate of retirement, and Judge Byrne began receiving disability retirement benefits as of that date.[3]

On February 16, 1993, the California Workers' Compensation Appeals Board found that Judge Byrne sustained an injury to his psyche arising out of, and in the course of, his employment and that the injury caused total permanent disability and awarded him a permanent disability indemnity of $224 a week for life.  Petitioners' exclusion of these payments from gross income is not in dispute.

In 1997, Judge Byrne received $63,745.56 from the Judges' Retirement System.  Of this amount, $1,259.40 represented a return of his contributions.  Cal. PERS issued a Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to Judge Byrne in which it reported a gross distribution of $63,745.56 and a

---

[3]A dispute arose over the effective date of Judge Byrne's retirement and whether he was entitled to additional benefits for the period before Dec. 14, 1989.  In a stipulated settlement executed by Cal. PERS, the commission, and Judge Byrne, Cal. PERS agreed to pay benefits of $148,192.97 for the period between Jan. 1, 1987, and Dec. 13, 1989.

taxable amount of $62,486.16.  Petitioners excluded the $62,486.16 from gross income on their 1997 return.  Respondent examined petitioners' return and determined that this amount was not excludable under section 104(a)(1).

## Discussion

Gross income includes all income from whatever source derived, including pensions and compensation for services.  Sec. 61(a).  Under section 104(a)(1), gross income does not include amounts received under workers' compensation acts as compensation for personal injuries or sickness.  The regulations promulgated under section 104(a)(1) expand the reach of that section to encompass "a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment."  Sec. 1.104-1(b), Income Tax Regs.  A statute is in the nature of a workers' compensation act if it allows disability payments solely for service-related personal injury or sickness.[4]  Haar v. Commissioner, 78 T.C. 864, 868 (1982), affd. 709 F.2d 1206 (8th Cir. 1983).  A statute that does not distinguish between work-related injuries and other types of injuries is not in the nature

---

[4]A law that conditions eligibility for benefits on the existence of a work-related injury or sickness may qualify as a workers' compensation act for purposes of sec. 104 even though those benefits are styled "disability retirement benefits."  Take v. Commissioner, 804 F.2d 553, 557 (9th Cir. 1986), affg. 82 T.C. 630 (1984); Rev. Rul. 83-91, 1983-1 C.B. 38.

of a workers' compensation act.  Rutter v. Commissioner, 760 F.2d 466, 468 (2d Cir. 1985), affg. T.C. Memo. 1984-525.

It is undisputed that Judge Byrne suffered an injury which arose out of, and in the course of, his judicial service. However, we must determine whether he received the disability retirement benefits under a statute in the nature of a workers' compensation act.  "If the statute does not qualify, then whether the injury was in fact work-related is irrelevant."  Take v. Commissioner, 804 F.2d 553, 558 (9th Cir. 1986), affg. 82 T.C. 630 (1984).

The "statute" we examine in making this determination is the California Judges' Retirement Law.  Cal. Govt. Code (CGC) secs. 75000-75111 (West 1993 & Supp. 2002).  Under article 2, Retirement for Service, CGC section 75025, judges are eligible for retirement on the basis of age and years of service.[5]  CGC sections 75060(a) and 75061(a) are contained in article 3, Disability Retirement, and those sections provide:

> 75060.  Mental or physical disability; consents to and
>          approval of retirement; certificate; filling
>          vacancy.
>
> (a)  Any judge who is unable to discharge efficiently
> the duties of his or her office by reason of mental or
> physical disability that is or is likely to become permanent
> may, with his or her consent and with the approval of the

---

[5]To qualify for a service retirement, a judge must be at least 60 years of age and must have 10-20 years of service depending on the judge's age.  Judge Byrne did not qualify for service retirement under CGC sec. 75025.

Chief Justice or Acting Chief Justice and the Commission on Judicial Performance, be retired from office.  * * *

\* \* \* \* \* \* \*

75061.  Disability retirement; prerequisites.

(a)  Any person who becomes a judge during the period of January 1, 1980, through December 31, 1988, shall not be eligible to be retired for disability unless the judge is credited with at least two years of judicial service or unless the disability is a result of injury or disease arising out of and in the course of judicial service.

Judges who are retired under CGC sections 75025 and 75060(a) are eligible for benefits which are calculated and paid pursuant to article 3.6, Benefits Payable, CGC sections 75075 (West 1993) and 75076(a) (West Supp. 2002):

75075.  Election of benefits.

Any judge hereafter retiring pursuant to Section 75025 or 75060 may elect to receive the benefits accorded by this article if he or she retires for service or disability prior to the end of the term of office during which he or she attains the age of 70 years.

\* \* \* \* \* \* \*

75076.  Retirement allowances; contributions for prior service.

(a)  A judge who qualifies, as prescribed in Section 75075, to receive the benefits accorded by this article shall receive a retirement allowance equal to 65 percent of the salary payable, at the time payment of the allowance falls due, to the judge holding the judicial office to which he or she was last elected or appointed; except that if upon retirement a judge has received credit for 20 or more years of service rendered prior to the expiration of the time within which the judge is eligible to elect to receive the benefits accorded by this article and for which he or she has contributed to the Judges' Retirement Fund his or her retirement allowance shall equal 75 percent of that salary.

The Judges' Retirement Law is not a workers' compensation act, and it is not <u>in its entirety</u> a statute in the nature of a workers' compensation act. Nevertheless, benefits received under the Judges' Retirement Law may still qualify for exclusion if it is a "dual-purpose statute", as petitioners argue. See <u>Neill v. Commissioner</u>, 17 T.C. 1015 (1951); <u>Burgess v. Commissioner</u>, T.C. Memo. 1986-228, affd. without published opinion 822 F.2d 61 (9th Cir. 1987); <u>Craft v. United States</u>, 879 F. Supp. 925 (S.D. Ind. 1995); <u>Frye v. United States</u>, 72 F. Supp. 405 (D.D.C. 1947). "A dual-purpose statute is one which authorizes payments for work-related, as well as non-work-related disabilities and may provide other pension benefits." <u>Kane v. United States</u>, 28 Fed. Cl. 10, 13 (1993), affd. 43 F.3d 1446 (Fed. Cir. 1994). To qualify as a dual-purpose statute, the statute must contain some specific provision which restricts the payment of benefits to cases of work-related disabilities. <u>Id.</u> at 14; see also <u>Rutter v. Commissioner</u>, <u>supra</u> at 468.

Petitioners argue that the Judges' Retirement Law is a dual-purpose statute because CGC section 75061(a) "has one provision that provides for retirement based solely on injury or sickness arising out of employment, and also one provision providing for retirement based on years of service." Respondent contends that CGC section 75060 makes no distinction between injuries which are work related and injuries which are not work related and that CGC section 75061 modifies CGC section 75060 but does not add any new

eligibility criteria.[6]  Respondent adds that CGC section 75061 "simply excludes from eligibility, any judge who seeks disability retirement for a non-line-of-duty injury if he has less than two * * * years of service".

We generally look only to the face of a statute in determining whether it has a dual purpose.  CGC section 75061(a) on its face provides for retirement in the case of a disability that is the result of injury or disease arising out of, and in the course of, judicial service.  Thus, the Judges' Retirement Law contains a specific provision that awards benefits solely for a work-related disability.

A simple recitation in a statutory enactment of certain "magic language" may not be alone sufficient to establish a dual-purpose statute.  However, CGC section 75061(a) does distinguish between work-related and non-work-related disabilities because all judges with work-related disabilities are eligible for retirement under CGC section 75060(a), but judges with non-work-related injuries can retire only if they have been credited with sufficient years of service; i.e., at least 2 years of service.[7]

---

[6]CGC sec. 75060 was previously at issue in Golden v. Commissioner, T.C. Memo. 1971-162.  We did not decide whether the statute had a dual purpose, and we decided only that the taxpayer had not shown his injuries were work related.

[7]We note that as a practical matter, disabled judges who have more than 2 years of service are eligible for retirement on that basis even though they also sustained a work-related disability.  Indeed, Judge Byrne appears to fall within this
(continued...)

CGC section 75061(a) expresses an intention by the California legislature to provide supplemental benefits in the nature of workers' compensation to all judges who sustain a work-related disability.

The statute in this case is not akin to the statute at issue in <u>Kane v. United States</u>, 43 F.3d 1446 (Fed. Cir. 1994), a case upon which respondent relies. The statute at issue in that case, 28 U.S.C. sec. 372(a), provided:

> "Any justice or judge of the United States appointed to hold office during good behavior <u>who becomes permanently disabled from performing his duties may retire from regular active service</u>....
>
> ....
>
> Each justice or judge retiring under this section after serving ten years continuously or otherwise shall, during the remainder of his lifetime, receive the salary of the office. A justice or judge retiring under this section who has served less than ten years in all shall, during the remainder of his lifetime, receive one-half the salary of the office." [<u>Id.</u> at 1447-1448.]

The Court of Appeals for the Federal Circuit held that this provision was not a dual-purpose statute, stating:

> However, unlike the statutes in <u>Simms</u>, <u>Neill</u>, and <u>Frye</u>, § 372(a) provides for disability retirement payments regardless of the cause of the disability. In contrast, <u>Simms</u>, <u>Neill</u>, and <u>Frye</u> involved statutes in which at least one provision, on its face, specifically

---

[7](...continued)

category as an individual eligible for either mode of disability retirement under CGC sec. 75061(a). However, the actual basis upon which the taxpayer was retired (i.e., for what purpose) is a factual question that is secondary to the legal question whether the statute has a dual purpose.

provided for payments based solely on injury or sickness arising out of employment. The courts, therefore, were required to make an inquiry as to the portion of the statute under which payments were awarded. * * *

* * * * * * *

* * * Here, however, § 372(a) makes no distinction between payments for work-related and non-work-related disabilities and therefore it is not a dual-purpose statute. * * * [Id. at 1450.]

Unlike the statute in Kane, CGC section 75061(a) specifically provides for disability retirement benefits based solely on injury or disease arising out of, and in the course of, judicial service.[8] We hold that the Judges' Retirement Law is a dual-purpose statute.[9]

---

[8]We point out that 28 U.S.C. sec. 372(a) is virtually identical to CGC sec. 75060(a) in that neither of those provisions distinguishes between work-related and non-work-related disabilities. However, whereas 28 U.S.C. sec. 372(a) stands alone, CGC sec. 75060(a) must be read together with CGC sec. 75061(a), which defines the classes of persons covered under the disability retirement system. That section does distinguish between work-related and non-work-related disabilities.

[9]Respondent argues that the benefits Judge Byrne received were not in the nature of workers' compensation. He points to the award of permanent disability payments of $224 per week as "a perfect example of how a person injured on the job is compensated through worker's compensation and is made whole for his injury", and he claims that the disability retirement payments, unlike the permanent disability payments, were not intended to make Judge Byrne "whole for his injury". We might agree that the permanent disability payments are a perfect example of compensation received under a workers' compensation act; however, the question we have before us is whether the disability retirement benefits were received under a statute in the nature of a workers' compensation act. A statute in the nature of a workers' compensation act gives "recovery in lieu of or supplemental to workmen's compensation which may be in excess of that received

(continued...)

In the case of a dual-purpose statute, the appropriate focus is on whether the taxpayer in fact received his disability retirement benefits under that specific provision that is in the nature of a workers' compensation act. Neill v. Commissioner, 17 T.C. at 1016 ("However, the mere fact that * * * [the taxpayer] was incapacitated at the time of retirement is not sufficient to bring the exemption into play if he was actually retired for length of service rather than for disability incurred in [the] line of duty."). Respondent suggests that regardless of whether CGC section 75061(a) contains a specific provision in the nature of a workers' compensation act, we must look solely to those provisions under which the disability retirement benefits were calculated and paid, i.e., CGC sections 75075 and 75076(a), and that those provisions are not in the nature of a workers' compensation act.[10] Petitioners argue that CGC sections 75075 and 75076 should be read in the context of "the entire statutory

_____

[9](...continued)
under the ordinary workmen's compensation act." Rev. Rul. 59-269, 1959-2 C.B. 39, 41. Thus, the compensatory elements of a workers' compensation act may differ from the substituted or supplemental compensation under a statute in the nature of a workers' compensation act. We cannot agree that Judge Byrne's receipt of the permanent disability payments is especially relevant to the question before us.

[10]Respondent relies on a letter dated Oct. 26, 2001, from Cal. PERS, which confirms that Judge Byrne was awarded 65 percent of the salary payable to a municipal court judge as provided in secs. 75075 and 75076(a). However, the same letter states that Judge Byrne was "granted a disability retirement on December 14, 1989 as provided under Government Code section 75060(a)."

plan of the Judges' Retirement Law, not simply [in relation] to the portions of that law that provide for the amount of the payments."  We agree with petitioners.

Respondent cites Kane v. United States, 43 F.3d at 1449, as support for his position.  However, we could not find any language in Kane which can be read so broadly as to state or imply that we must look only to the specific provisions of a statute under which payments are calculated and paid.  We find respondent's position to be short-sighted and an overly technical reading of statements made in the relevant opinions.[11]  CGC sections 75075 and 75076(a) do not themselves provide for retirement, and only after going through the entire statutory framework of the Judges' Retirement Law, namely, CGC section 75025 or CGC sections 75060(a) and 75061(a), do we ultimately reach the payment provisions.  The provisions under which Judge

---

[11]Respondent cites the following language in Kane v. United States, 43 F.3d 1446, 1450 (Fed. Cir. 1994):  "The courts, therefore, were required to make an inquiry as to the portion of the statute under which payments were awarded."  Respondent has taken this statement out of context.  This statement was part of a discussion involving Neill v. Commissioner, 17 T.C. 1015 (1951), and other cases, upon which petitioners rely.  The discussion suggests, contrary to respondent's argument, that when faced with a statute that has a dual purpose, courts must further inquire as to whether the taxpayer was retired for a work-related disability under that specific provision that is in the nature of a workers' compensation act or was retired on some other basis.

Byrne received his disability retirement benefits include CGC sections 75060(a), 75061(a), 75075, and 75076(a).[12]

As part of the same argument, respondent suggests that CGC sections 75075 and 75076(a) provide the same benefits for a service retirement under CGC section 75025 as a disability retirement under CGC section 75060(a) and that this is "fatal" to petitioners' case.  We disagree.  Respondent's position is not only inconsistent with established caselaw, it is also inconsistent with his own ruling positions.  See <u>Stanley v. United States</u>, 140 F.3d 890 (10th Cir. 1998); <u>Freeman v. United States</u>, 265 F.2d 66 (9th Cir. 1959); <u>Givens v. Commissioner</u>, 90 T.C. 1145, 1151 (1988); <u>Dyer v. Commissioner</u>, 71 T.C. 560, 562 (1979) ("whether a payment is in the nature of workmen's compensation depends upon whether the payment is made because of injuries sustained in the line of duty, not upon the amount paid"); <u>Neill v. Commissioner</u>, 17 T.C. 1015 (1951); <u>Frye v. United States</u>, 72 F. Supp. 405 (D.D.C. 1947); Rev. Rul. 80-84, 1980-1 C.B. 35; Rev. Rul. 74-582, 1974-2 C.B. 34; Rev. Rul. 68-10, 1968-1 C.B. 50.  We cannot agree that the mere fact that a statutory scheme allows the same benefits for a disability

---

[12]In <u>Golden v. Commissioner</u>, T.C. Memo. 1971-162, we also dealt with a disability retirement under the California Judges' Retirement Law.  In our findings of fact, we noted that the taxpayer was retired under CGC sec. 75060, and we addressed the issues therein in that context.

retirement as for a service retirement is necessarily "fatal" to petitioners' case.[13]

Respondent suggests that the benefits Judge Byrne received are determined by reference to Judge Byrne's length of service and that this is in "direct contravention" of section 1.104-1(b), Income Tax Regs.  That section provides:

> However, section 104(a)(1) does not apply to a
> retirement pension or annuity to the extent that it is
> determined by reference to the employee's age or length
> of service * * *, even though the employee's retirement
> is occasioned by an occupational injury or sickness.
> * * *

Respondent contends that "Article 3.6 which provides for the amount of the benefit for both service and disability retirement, provides for the identical pension which is determined by length of service."  For reasons similar to those stated above, we cannot agree with respondent's contention.  Although Judge Byrne may receive the same amount of benefits under CGC sections 75075 and 75076 as a judge who retires on the basis of years of service under CGC section 75025, Judge Byrne's benefits were not received

---

[13]We also question respondent's assertion that a retired judge receives the same benefits under CGC sec. 75025 as sec. CGC 75060(a).  Respondent is correct that generally a retiree will receive the same rate of benefits under either provision; i.e., 65 percent of the judge's salary.  However, as we noted in Golden v. Commissioner, supra, "retirement under section 75060 CGC may, under some circumstances, have different consequences than retirement under section 75025 CGC, see, e.g., secs, 75060.6, 75080 CGC".  Indeed, benefits received for a CGC sec. 75060(a) retirement are forfeitable or subject to reduction if certain conditions are met.  See, e.g., CGC secs. 75060.6 (subsequent medical examinations), 75080 (subsequent employment while less than 70 years of age).

on that basis.  Judge Byrne received his benefits on the basis of the commission's finding that he was "unable to discharge efficiently the duties of his said office by reason of such mental disability, and that such disability is or is likely to become permanent".

Respondent also suggests that CGC section 75061(a) does not qualify as a statute in the nature of a workers' compensation act because an applicant qualifying for retirement under that provision gets paid by reference to length of service. Seemingly, respondent relies upon the fact that judges who have been credited with at least 2 years of service are entitled to a disability retirement regardless of whether their injuries are incurred in the course of their employment.  However, CGC section 75061(a) contains two clauses.  The first clause, which awards a disability retirement on the basis of a disability and length of service, does not qualify as a statute in the nature of a workers' compensation act since it does not distinguish between work-related disabilities and non-work-related disabilities.  As we have stated more explicitly above, the second clause does qualify as a statute in the nature of a workers' compensation act.  An applicant who receives a disability retirement under that clause may exclude the benefits received thereunder.  Those benefits are not disqualified for the reason that they could theoretically have been awarded under some other statutory

provision that does not qualify as a statute in the nature of a workers' compensation act.[14]

---

[14]The statute in this case is similar to the statute at issue in Priv. Ltr. Rul. 1998-50-005 (Dec. 11, 1998). The statute therein provided for "disability coverage to each member who has at least five years of total service credit and disability coverage for on-duty illness or injury to each member who is a law enforcement officer, regardless of length of service." Consistent with our opinion herein, the Internal Revenue Service ruled as follows:

> The Statute contains two provisions for the payment of disability benefits. The first clause provides "disability coverage to each member who has at least five years of total service credit." The second clause provides "disability coverage for on-duty illness or injury to each member who is a law enforcement officer, regardless of length of service." The fact that one part of a statute is not a statute in the nature of a workmen's compensation act (i.e., the first clause) does not preclude another part of the same statute from meeting the requirements of section 104(a)(1) of the Code. This is true notwithstanding that the same disabilities may qualify for compensation under either provision. See, Take v. Commissioner, 82 T.C. 630 (1984) aff'd 804 F2d 553 (9th Cir. 1986). The first clause of the Statute is not a statute in the nature of a workmen's compensation act because it provides benefits regardless of the cause of the disability to employees with at least five years of total service credit. The second clause of the Statute provides compensation to law enforcement officers only for personal injuries or sickness incurred in the course of employment and regardless of length of service. Accordingly, the second clause of the Statute is a statute in the nature of a workmen's compensation act.

Although private letter rulings are not precedent, sec. 6110(k)(3), they do reveal the interpretation put upon the statute by the agency charged with the responsibility of administering the revenue laws. Rowan Cos. v. United States, 452 U.S. 247, 261 n.17 (1981); Hanover Bank v. Commissioner, 369 U.S. 672, 686-687 (1962); Estate of Cristofani v. Commissioner, 97 T.C. 74, 84 n.5 (1991); Woods Inv. Co. v. Commissioner, 85 T.C.

(continued...)

Finally, we note that the commission could have theoretically awarded the benefits to Judge Byrne on the basis of his having served more than 2 years as a judge or on the basis of his work-related disability and that a factual issue could conceivably have been raised regarding whether the benefits were actually received under that portion of CGC section 75061(a) that is in the nature of a workers' compensation act. Respondent does not argue this issue on brief. Indeed, in response to petitioners' argument that the burden of proof on this issue is upon respondent pursuant to section 7491, respondent states that "This case involves purely a legal question, namely whether the California Judges' Retirement Law is in the nature of a worker's compensation act."[15]

---

[14](...continued)
274, 281 n.15 (1985); Thurman v. Commissioner, T.C. Memo. 1998-233.

[15]Under these circumstances, we need not decide who bears the burden of proof under sec. 7491(a)(1). However, the parties agree that the examination began on Mar. 31, 1999, and that none of the limitations under sec. 7491(a)(2) are applicable. Moreover, petitioners introduced credible evidence that the commission had before it several reports which concluded that Judge Byrne was disabled as a result of a work-related injury and that it could have awarded the benefits on this basis.

We hold that petitioners properly excluded from gross income the disability retirement benefits that Judge Byrne received in 1997.

<u>Decision will be</u>

<u>entered for petitioners</u>.