T.C. Memo. 2005-43


UNITED STATES TAX COURT


ALFAYE YOUNGBLOOD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3013-02.                    Filed March 7, 2005.


        P received disability benefits under the Public
Employees Retirement System, Ohio Rev. Code Ann. sec.
145.35(B) (Anderson 2001), which provides disability
coverage to "each member who has at least five years of
total service credit and disability coverage for on-
duty illness or injury to each member who is a law
enforcement officer, regardless of length of service."
P's disability was employment-related.  P excluded the
disability benefits from gross income.  Under sec.
104(a)(1), I.R.C., gross income does not include
amounts received under a statute in the nature of a
workers' compensation act.  R argues that the benefits
are not excludable because P recovered under the first
clause of "B" of the above statute, which is not "in
the nature of a workmen's compensation act," as
required by sec. 1.104-1(b), Income Tax Regs.

Held: P received benefits under a provision in the statute that is not "in the nature of a workmen's compensation act." Sec. 1.104-1(b), Income Tax Regs. Consequently, the benefits are not excludable from P's 1999 gross income.

Elizabeth I. Cooke (specially recognized), for petitioner.

Richard J. Hassebrock, for respondent.

MEMORANDUM OPINION

NIMS, Judge: Respondent determined a deficiency of $9,148 in petitioner's Federal income tax for 1999 and an accuracy-related penalty of $1,810 pursuant to section 6662(a) for 1999. Respondent concedes the accuracy-related penalty and the sole issue for our consideration is whether petitioner properly excluded from gross income disability payments that she received under the Public Employees Retirement System of Ohio. Both parties have moved for summary judgment pursuant to Rule 121. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of the filing of the petition, petitioner resided in Columbus, Ohio.

Petitioner Alfaye Youngblood began employment as a case manager with the Franklin County Board of Health and Human Services on July 18, 1988. Petitioner sought counseling to deal with mental stress after her workload was increased in 1996. In 1997, petitioner took a temporary leave of absence from her position as case manager. Petitioner was eventually diagnosed as having permanent mental injury, and her employment ended on April 8, 2003. The parties agree that petitioner's disability was employment-related.

On September 10, 1997, petitioner applied to the Ohio Bureau of Workers' Compensation for disability benefits. Petitioner claimed that the increased workload at her job had caused her to suffer from major depression and panic disorder. Petitioner's claim for workers' compensation benefits was denied because she had not sustained a physical injury. Petitioner then applied for disability benefits with the Public Employees Retirement System of Ohio (PERS). PERS approved petitioner's application for benefits on March 23, 1999.

In 1999, petitioner received total payments in the amount of $51,437. PERS issued a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to petitioner in which it reported a gross taxable distribution of $51,437. Petitioner excluded the $51,437 from gross income on her 1999 income tax return. Respondent

determined that the payments petitioner received from PERS should not have been excluded from income and that petitioner was liable for a $9,148 deficiency.

## Discussion

Section 104(a)(1) provides that gross income does not include amounts received under workers' compensation acts as compensation for personal injuries or sickness.  The regulations expand the scope of section 104(a)(1) to include "a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment."  Sec. 1.104-1(b), Income Tax Regs.  However, "section 104(a)(1) does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, or the employee's prior contributions, even though the employee's retirement is occasioned by an occupational injury or sickness." Id.  Nevertheless, a statute that conditions eligibility for benefits on the existence of a work-related injury or sickness may qualify as a workers' compensation act for purposes of section 104 even though those benefits are called "disability retirement benefits."  See Take v. Commissioner, 804 F.2d 553, 557 (9th Cir. 1986), affg. 82 T.C. 630 (1984).  A statute that fails to distinguish between work-related and other types of

injuries is not in the nature of a worker's compensation act.
Rutter v. Commissioner, 760 F.2d 466, 468 (2d Cir. 1985), affg.
T.C. Memo. 1984-525.

The statute at issue here is Ohio Rev. Code Ann. sec. 145.35
(Anderson 2001), which provides:

> Sec. 145.35  Disability coverage for on-duty illness or
> injury; election of coverage; medical examination.
>
> (A)  As used in this section, "on-duty illness or
> injury" means an illness or injury that occurred during
> or resulted from performance of duties under the direct
> supervision of a member's appointing authority.
>
> (B)  The public employees retirement system shall
> provide disability coverage to each member who has at
> least five years of total service credit and disability
> coverage for on-duty illness or injury to each member
> who is a law enforcement officer, regardless of length
> of service.

In the instant case, there is no dispute that petitioner
received her benefits pursuant to the first clause in Ohio Rev.
Code Ann. sec. 145.35(B).  Petitioner was a case manager for the
Franklin County Board of Health and Human Services and therefore
could not qualify under the second clause of Ohio Rev. Code sec.
145.35(B), which is limited in coverage to law enforcement
officers.  The first clause of the statute provides disability
coverage to employees if they have 5 years of service credit,
regardless of whether the disability was incurred in the course
of employment.

In Byrne v. Commissioner, T.C. Memo. 2002-319, the taxpayer was a California municipal court judge who suffered severe mental stress as a result of a heavy workload. The judge could not continue his judicial responsibilities as a result of permanent disability. We reviewed sections of the California Judges' Retirement Law that provided petitioner with disability benefits. Cal. Govt. Code (CGC) secs. 75000-75111 (West 1993 & Supp. 2002). CGC sections 75060(a) and 75061(a) provide:

> 75060. Mental or physical disability; consents to and approval of retirement; certificate; filling vacancy.
>
> (a) Any judge who is unable to discharge efficiently the duties of his or her office by reason of mental or physical disability that is or is likely to become permanent may, with his or her consent and with the approval of the Chief Justice or Acting Chief Justice and the Commission on Judicial Performance, be retired from office. * * *
>
> *    *    *    *    *    *    *
>
> 75061. Disability retirement; prerequisites.
>
> (a) Any person who becomes a judge during the period of January 1, 1980, through December 31, 1988, shall not be eligible to be retired for disability unless the judge is credited with at least two years of judicial service or unless the disability is a result of injury or disease arising out of and in the course of judicial service.

In Byrne v. Commissioner, supra, we concluded that CGC section 75061(a) is a dual-purpose statute in which payments can be made for work-related, as well as other types of disabilities. A dual-purpose statute in this context contains some provision

that restricts the payment of benefits to cases of employment-related disabilities.  The second portion of the California statute, which addresses injuries arising during the course of judicial service, is in the nature of a workers' compensation act under section 104(a)(1).  The taxpayer in Byrne received his benefits under the second portion of the California statute, and not under the first portion of the statute, which conditions recovery on years of service, and is not in the nature of a workers' compensation act.

Petitioner seeks to liken her case to Byrne v. Commissioner, supra, in which, as above described, the taxpayer prevailed.  Petitioner argues that it is basically a matter of semantics that prompts respondent to disallow petitioner's deduction.  We disagree.

Petitioner would have us figuratively construe the Ohio statute so as to make it analogous to a dual-purpose statute of the type described in Byrne v. Commissioner, supra.  This we are not at liberty to do.  The statute is not of dual-purpose in regard to petitioner because she was not employed as a law enforcement officer.  As to petitioner, only the first clause of Ohio Rev. Code Ann. sec. 145.35(B) applied, a clause which provides identical benefits regardless of the circumstances in which the disability occurred, and is simply not a statute in the

nature of a workers' compensation act.  <u>Take v. Commissioner</u>, 804 F.2d 553 (9th Cir. 1986).  Consequently, petitioner cannot prevail in this case, and we so hold.

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered granting</u>
<u>respondent's motion for summary</u>
<u>judgment and denying petitioner's</u>
<u>motion for summary judgment</u>.